IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br>       Plaintiff, <br>   v. <br> GRAPHON CORPORATION and <br> VERTICAL MARKETING, INC., <br>       Defendants. | Civil Case No. 1:09cv287 GBL/TRJ |
| GRAPHON CORPORATION, INC., <br>       Counter-Plaintiff, <br>   v. <br> JUNIPER NETWORKS, INC., <br>       Counter-Defendant. | |
| GRAPHON CORPORATION, INC., <br>       Third-Party Plaintiff, <br>   v. <br> JUNIPER NETWORKS (US), INC., <br>       Third-Party Defendant. | |

**PLAINTIFF JUNIPER NETWORKS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO SEVER AND TRANSFER
<u>DEFENDANT GRAPHON CORPORATION'S INFRINGEMENT COUNTERCLAIM</u>**

The four patents GraphOn Corporation ("GraphOn") asserts here in its counterclaim directly relate to patents that GraphOn is asserting against Juniper Networks, Inc. ("Juniper") in the Eastern District of Texas ("GraphOn's Initial Lawsuit").

Specifically, GraphOn's Counterclaim Patents involve the same technology, inventors, patent families, and accused products as the patents in GraphOn's Initial Lawsuit. Likewise,

GraphOn's Initial Lawsuit, which is in discovery and set for trial in July 2010, involves the same parties, fact witnesses, and expert witnesses as would be involved in GraphOn's counterclaim here in Virginia. And GraphOn's Counterclaim Patents could have been, and still could be, asserted in GraphOn's Initial Lawsuit, which, given the complexity of the technology (firewall devices for managing data packets on a private computer network) and legal issues (claim construction, validity, enforceability, and infringement of four separate patents), would have been the most efficient and convenient course for the Courts, juries, parties, and witnesses.

While the four Counterclaim Patents directly relate to the patents GraphOn is asserting in Texas, they bear no relation to the patent Juniper asserts here. Juniper's patent involves different technology and accused products, and there will be little, if any, overlap in the witnesses and evidence relevant to Juniper's patent and the counterclaim patents.

Thus, Juniper's motion presents a single issue. Given that GraphOn's counterclaim patents do not relate to Juniper's patent, and the parties and fact and expert witnesses are already set to litigate almost identical claim in Texas, would it promote efficiency and the interest of justice for this Court to sever GraphOn's infringement counterclaim and transfer it to the district in which GraphOn's affirmative case against Juniper is already pending? The answer is yes.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

1. **GraphOn's Initial Lawsuit**

On August 28, 2007, GraphOn sued Juniper Networks, Inc. and Juniper Networks (US), Inc. for patent infringement in the Eastern District of Texas.[2] GraphOn alleges that both Juniper entities infringe GraphOn patents ("the Initial Patents") relating to firewalls.[3] The accused

---

[1] While GraphOn has asserted three counterclaims against Juniper, only GraphOn's Third Counterclaim for patent infringement is at issue in this motion. Juniper does not seek to sever or transfer GraphOn's First and Second Counterclaims, which seek declaratory relief relating to the single patent currently asserted by Juniper.

products are various Juniper routers, firewalls, secure gateways, and intrusion detection and prevention devices.[4] GraphOn's Initial Lawsuit is currently in the discovery phase with a trial date set for July 2010.[5]

On January 27, 2009, in light of a new Fifth Circuit standard on venue,[6] Juniper Networks, Inc. and Juniper Networks (US), Inc. filed a motion to transfer GraphOn's Initial Lawsuit to the Northern District of California, where GraphOn and Juniper are based.[7] GraphOn has opposed the motion, which is still pending.

Pursuant to the scheduling order in GraphOn's Initial Lawsuit, which explicitly sets forth a procedure for adding new patents to a case, GraphOn could have, *and still may*, seek leave to assert infringement of additional patents, including the Counterclaim Patents.[8]

---

[2] Civil Action No. 2-07-CV-373 (E.D. Tex.).

[3] *See* Ex. 1, Declaration of R. William Sigler ("Sigler Decl.") at Ex. A (Texas Compl. ¶¶ 6-10).

[4] Specifically, GraphOn accuses Juniper's "ScreenOS, JUNOS, JUNOSe, or IDP software, including their Hardware Security Client, their NetScreen, SSG and ISG series of firewall products, and their E-Series, M-Series, J-Series, T-Series and IDP products." Sigler Decl. at Ex. A (Texas Compl. ¶ 8).

[5] Sigler Decl. at Ex. B (Texas Docket Control Order).

[6] *See In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc); *see also In re Genentech, Inc. and Biogen Idec, Inc.*, Misc. Docket No. 901, available at http://www.cafc.uscourts.gov/opinions/09-M901.pdf (Fed. Cir. May 22, 2009) (vacating district court's denial of motion to transfer for failure to properly apply *Volkswagen* factors); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (same).

[7] In the event the Texas Court grants Juniper's motion to transfer GraphOn's Initial Lawsuit to the Northern District of California, Juniper hereby respectfully requests that this Court transfer GraphOn's infringement counterclaim to the Northern District of California.

[8] Sigler Decl. at Ex. B (Texas Docket Control Order) ("It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein [May 15, 2009].").

### 2. The Instant Case

On March 16, 2009, Juniper sued GraphOn and Vertical Marketing, Inc. ("Vertical") in the Eastern District of Virginia for infringement of a patent Juniper acquired relating to remote software access. The accused products are GraphOn's Go-Global family of software products, which Vertical sells on behalf of GraphOn in Virginia.

On May 1, 2009, GraphOn filed a counterclaim in this action against Juniper Networks, Inc. and a third party complaint against Juniper Networks (US), Inc. alleging that both entities infringe four additional GraphOn patents, which, like the Initial Patents, relate to firewall technology.[9] The accused products in this action are the same products accused in GraphOn's Initial Lawsuit, with one addition.[10]

GraphOn's Counterclaim Patents belong to the same patent families as the Initial Patents. Specifically, three of GraphOn's Counterclaim Patents and one of the Initial Patents are from the same patent family. And the fourth GraphOn Counterclaim Patent is from the same patent family as the two remaining Initial Patents. All seven GraphOn patents (three in Texas and four in Virginia) have the same two inventors, Chris Coley and Ralph Wesinger. The patent families were acquired by GraphOn from Network Engineering Software, Inc. in 2005.

### ARGUMENT

**1. The Court Should Sever GraphOn's Unrelated Counterclaim to Permit Transfer**

Rule 21 of the Federal Rules of Civil Procedure provides that a court may "sever any claim against a party." A district court "possesses broad discretion" in determining whether to

---

[9] The patents are U.S. Patent Nos. 7,249,378, 7,269,847, 7,383,573, and 7,424,737.

[10] GraphOn added the "BX7000 firewall product," a product Juniper recently introduced, for the first time in its Virginia Counterclaim and Third Party Complaint. *See* Docket No. 20, GraphOn's Counterclaim and Third Party Compl. ¶ 27.

sever claims.[11]  In exercising that discretion, a court considers two factors: (1) whether "a counterclaim is based upon an entirely different factual situation from that which supports the plaintiff's claim,"[12] and (2) whether severance will "serve the ends of justice and further the prompt and efficient disposition of litigation."[13]  Both factors support severance here.

First, the Counterclaim Patents relate to completely different technology from that in the patent Juniper asserts against GraphOn, and the Court may resolve Juniper's claim independently of GraphOn's counterclaims.  Therefore, GraphOn's counterclaims are discrete and separate from Juniper's infringement claim,[14] and the Court may properly sever them under Rule 21 for transfer to the Eastern District of Texas.[15]

Second, because the counterclaims are entirely unrelated to Juniper's patent claims, severance will serve the ends of justice and promote efficiency.  District courts in similar cases have ordered severance on this basis.  For example, in *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, the District of Maryland severed the defendants' infringement counterclaim because resolving it would involve "analysis of different file histories, specifications, inventors,

---

[11] *Colt Defense LLC v. Heckler & Koch Defense, Inc.*, No. 2:04cv258, 2004 U.S. Dist. LEXIS 28690, at *9 (E.D. Va. Oct. 22, 2004) (Friedman, J.) ("A district court possesses broad discretion in ruling on a requested severance under Rule 21.").

[12] *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995) (severing the defendant's infringement counterclaim because the counterclaim patent was unrelated to the plaintiff's affirmative infringement claim and patent); *see also Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 443 (7th Cir. 2006) (severance is appropriate if claims are "discrete and separate").

[13] *CVI/Beta*, 896 F. Supp. at 506.

[14] *See Gaffney*, 451 F.3d at 443 (explaining that "discrete and separate" means "one claim must be capable of resolution despite the outcome of the other claim").

[15] *See Kraft Foods Holdings, Inc. v. Procter & Gamble*, No. 07-cv-613, 2008 U.S. Dist. LEXIS 6042, at*7 (W.D. Wis. Jan. 24, 2008) (severing the defendant's counterclaim and third party

and possibly different expert witnesses" than would be involved in resolving the plaintiff's infringement claim.[16] This is precisely the scenario here, as GraphOn's counterclaims would involve the same additional evidence and witnesses that concerned the court in *CVI/Beta Ventures*.

Given that the counterclaims are entirely unrelated to Juniper's patent claim, and given the number and complexity of the Counterclaim Patents, severance here will also prevent jury confusion. This Court and others have cited prevention of jury confusion as a basis for ordering severance.[17] And severance here would particularly promote justice and efficiency because it would prevent the simultaneous litigation of two closely related infringement claims in two separate forums, thus easing the burden on not only the jurors, but also the Courts, parties, and witnesses.

---

claim for infringement as "discrete and separate" from the plaintiff's claim for infringement, allowing the Court to transfer the severed claims pursuant to 28 U.S.C. § 1404(a)).

[16] 896 F. Supp. at 506; *see also ROY-G-BIV Corp. v. Fanuc Ltd.*, No. 2:07-cv-418, 2009 U.S. Dist. LEXIS 37809, at *4-5 (E.D. Tex. Apr. 14, 2009) ("Because Defendants' two counterclaim patents deal with relatively distinct technology and because this case would be unduly delayed if those patents remain in this case, the Court finds that Defendants' infringement counterclaims against [plaintiff] warrant a severance pursuant to Rule 21. A severance in this case will avoid substantial prejudice to [plaintiff], further the convenience of both parties, and promote judicial economy.").

[17] *See Colt Defense*, 2004 U.S. Dist. LEXIS 28690, at *15-16 (E.D. Va. Oct. 22, 2004) (Friedman, J.) (granting motion to sever when claims against two defendants did not arise "from the same transaction or occurrence," reasoning that the possibility of jury confusion counseled in favor of severance); *Murray v. Dillard Paper Co.*, No. 3:98CV585, 1999 U.S. Dist. LEXIS 22630, at *3-4 (E.D. Va. June 14, 1999) (Spencer, J.) (granting motion to sever certain claims because it "would likely be difficult for the jury to discern which evidence is meant to apply to which plaintiff and to which of their multiple claims"); *CVI/Beta*, 896 F. Supp. at 507 ("Such commonality as may exist among the patents is far outweighed by the potential for jury confusion.").

## 2. Once Severed, GraphOn's Infringement Counterclaim Should Be Transferred to the Eastern District of Texas Where an Almost Identical Infringement Claim is Pending

Pursuant to 28 U.S.C. § 1404(a), a district court is permitted to transfer a case to any other district court "where it might have been brought," "for the convenience of the parties and witnesses, in the interest of justice."[18] Once a court determines that the transferee venue is proper, it balances the convenience and interest of justice factors, as well as the plaintiff's original choice of forum.[19] "The decision whether to transfer an action under § 1404(a) is within the sound discretion of the Court."[20]

Here, it is undisputed that GraphOn could have brought its counterclaims in the Eastern District of Texas, as GraphOn already brought another infringement action there.[21] Thus, the inquiry turns on whether the convenience of the parties and witnesses, and the interest of justice, support transfer to the Eastern District of Texas.

The first factor, the convenience of the parties and witnesses, weighs heavily in favor of transfer. The same three parties are already litigating related patents in Texas. And because the Counterclaim Patents and Initial Patents are so closely related and the accused products in both cases are virtually identical, the fact and expert witnesses for both GraphOn and Juniper will be the same. Indeed, GraphOn has already informed Juniper that the expert witnesses it is planning to use will be the same in both cases.[22] Thus, if the Court transfers the counterclaim to Texas, the parties and the witnesses will interact with one court, travel to one jurisdiction, and

---

[18] *See also LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 809, 816 (E.D. Va. 2001) (Lee, J.) (transferring claims because they could have been brought in transferee venue and the balance of factors weighed in favor of transfer).

[19] *LG Elecs. Inc.*, 131 F. Supp. 2d at 815.

[20] *Id.* at 809.

[21] Jurisdiction and venue are also appropriate in the Northern District of California, where Juniper maintains its primary place of business. Thus, if the Texas Court transfers GraphOn's Initial Lawsuit to the Northern District of California while this motion is pending, this Court can, in the alternative, properly transfer the Counterclaim to the Northern District of California.

[22] *See* Sigler Decl. at Ex. C (May 13, 2009 Email from J. Moran to A. Fisch).

potentially have to appear for only one deposition and trial.  Alternatively, if the Court does not transfer the counterclaim, the parties and the witnesses will have to participate in two, almost identical, complex patent cases simultaneously.

The second factor, the interest of justice, also supports transfer.  Under this factor, this Court considers "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, and the ability to join other parties."[23]  Here, there is not only a related pending action in another forum, but a virtually indistinguishable action.  This Court held in *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, that such circumstances "weigh[] heavily in favor of transfer."[24]  The basis for the Court's holding was that litigation of claims before the same court "facilitates efficiency, economical and expeditious pre-trial proceedings and discovery" and also "avoids duplicative litigation and inconsistent results."[25]

The risk of inconsistent results is not remote considering the complexity of the legal issues involved with respect to seven related patents:  construction of overlapping claim terms, determination of infringement of the same accused products, and adjudication of validity and enforceability issues affecting the same patent families.[26]  Indeed, this Court in *Avaya, Inc. v.*

---

[23] *LG Elecs.*, 131 F. Supp. 2d at 815, s*ee also Gebr. Brasseler GmbH & Co. KG v. Abrasive Tech., Inc.*, No. 1:08cv1246, 2009 U.S. Dist. LEXIS 25926, at *15 (E.D. Va. Mar. 27, 2009) (Lee, J.) (applying these factors, among others, to determine that the interest of justice favors transfer); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999) (Spencer, J.) (laying out these factors, among others, in granting motion to transfer).

[24] 357 F. Supp. 2d 924, 938 (E.D. Va. 2005) (Ellis, J.) (finding transfer particularly appropriate "when the two cases are intimately related and hinge upon the same factual nucleus").

[25] *U.S. Ship Mgmt.*, 357 F. Supp. 2d at 938 (internal citations omitted); *see also Byerson v. Equifax*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (Payne, J.) ("The interest of justice factor [under § 1404(a)] encompasses public interest factors aimed at systemic integrity and fairness. Most prominent elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments.") (internal citations omitted); *Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007) (Smith, J.) (same).

[26] *See, e.g., Smart Tech., Inc. v. Polyvision Corp.*, No. 3:04cv545, 2004 U.S. Dist. LEXIS 29483, at *7-8 (E.D. Va. Oct. 20, 2004) (Hudson, J.) (transferring case after finding that the parallel cases involving different patents that cover the same technology "hinge on a court's determination of the same issue," reasoning that "[l]itigating this singular issue in two different

*Mitel Networks Corp.* held that "[w]here two or more courts are required to construe the same or essentially the same or related patents, the result is an uneconomical use of judicial resources and the risk of conflicting judicial determination."[27] Moreover, Juniper's counterclaim in Texas contains more than 60 paragraphs devoted to alleged inequitable conduct by various persons who communicated on behalf of GraphOn to the Patent and Trademark Office.[28] In GraphOn's Initial Lawsuit, Juniper has also identified numerous prior art references that alone or in combination would invalidate one or more of the patents. Because of the complexity of patent cases, this Court has not hesitated to transfer them to other appropriate forums.[29]

The remaining "interest of justice" considerations all favor transfer. In terms of the transferee court's familiarity with the applicable law, GraphOn's Initial Lawsuit is currently pending before a court that (like this Court) has an active patent docket and is abundantly familiar with patent law. Additionally, the docket conditions are favorable because GraphOn's Initial Lawsuit is in discovery, with trial set for July of next year.[30] Finally, the ability to join other parties favors transfer because, unlike here, Juniper Networks (US), Inc. is already a defendant in GraphOn's Initial Lawsuit.

---

courts could result in conflicting judgments, undermining the enforcement of a court's decision.").

[27] 460 F. Supp. 2d 690, 692 (E.D. Va. 2006) (Ellis, J.) (granting motion to transfer).

[28] *See* Sigler Decl. at Ex. D (Texas Answer ¶¶ 23-91).

[29] *See, e.g., Lycos*, 499 F. Supp. 2d at 695 (transferring patent infringement action to forum with pending, related litigation); *Inline Connection Corp. v. Verizon Internet Servs., Inc.*, 402 F. Supp. 2d 695, 702 (E.D. Va. 2005) (Morgan, J.) (same); *Smart Tech.*, 2004 U.S. Dist. LEXIS 29483, at *8-9 (same); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 640 (Payne, J.) (transferring patent claims after balancing of factors favored transferee venue); *LG Elecs.*, 131 F. Supp. 2d at 814-815 (transferring patent claims to forum already familiar with at least one of the transferred patents); *Ion Beam Applications S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 560-562 (E.D. Va. 2000) (Friedman, J.) (transferring patent claims after balancing of factors favored transferee venue); *LG Elecs.*, 126 F. Supp. 2d 414, 424 (E.D. Va. 2000) (Lee, J.) (transferring patent claims to forum already familiar with at least one of the transferred patents); *LG Elecs.*, No. 00-984-A, 2000 U.S. Dist. LEXIS 20330, at *14 (E.D. Va. Dec. 15, 2000) (Lee. J.) (same); *GTE Wireless*, 71 F. Supp. 2d at 519-520 (transferring patent claims after balancing of factors favored transferee venue).

[30] *See* Sigler Decl. at Ex. B (Texas Docket Control Order).

The final factor, plaintiff's original choice of forum, weighs heavily in favor of transfer because this is not GraphOn's home forum. This Court has repeatedly held that when a party asserting a claim chooses a venue where neither party resides and where none of the events at issue took place, the Court gives that choice little deference.[31] Juniper Networks, Inc., Juniper Networks (US), Inc., and GraphOn are all based in California. This explains why Juniper has filed a motion in Texas to transfer that case from Texas to California. Whether GraphOn's infringement claim stays in Texas or transfers to California, however, the counterclaim GraphOn asserts here belongs with the related claim.

In sum, every factor weighs heavily in favor of transferring GraphOn's infringement counterclaim from this district to the Eastern District of Texas, where the related infringement claim is pending.

## CONCLUSION

The four patents GraphOn asserts here in its counterclaim directly relate to patents that GraphOn has been asserting and continues to assert against Juniper in the Eastern District of Texas. The patents involve the same technology, the same inventors, the same patent families, and the same accused products as the patents asserted in Texas. Likewise, the same parties, the same fact witnesses, and the same expert witnesses are involved in both GraphOn's Initial Lawsuit and counterclaim here. Because the counterclaim patents do not relate to Juniper's affirmative case, and because adjudicating the issues relating to GraphOn's Counterclaim Patents would impose a significant burden on this Court, and would force the parties and the fact and expert witnesses to litigate almost identical claims in two forums simultaneously, Juniper

---

[31] *See, e.g., Koh*, 250 F. Supp. at 633, 635 (E.D. Va. 2003) ("Thus, if there is little connection between the claims and this judicial district, that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts."); *Ion Beam*, 156 F. Supp. 2d. at 563 ("[I]n a case such as this where the chosen forum is neither the defendant's nor the plaintiff's home forum, this consideration is considerably lessened.").

respectfully submits that it would promote efficiency and the interest of justice for this Court to sever GraphOn's infringement counterclaim and transfer it to the district in which GraphOn's affirmative case against Juniper is currently pending.

Respectfully submitted,

Date: May 22, 2009

/s/Coke Morgan Stewart
Alan M. Fisch *(pro hac vice)*
*alan.fisch@kayescholer.com*
Coke Morgan Stewart *(Va. Bar No. 41933)*
*coke.stewart@kayescholer.com*
R. William Sigler *(Va. Bar No. 65940)*
*bill.sigler@kayescholer.com*
Kevin W. Jakel *(pro hac vice)*
*kevin.jakel@kayescholer.com*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Phone: 202-682-3500
Fax: 202-682-3580

*Attorneys for Juniper Networks, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2009, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, and serve a copy of the same document via hand on the following counsel of record:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

And I hereby certify that I will mail the document via U.S. Mail to the following non-filing users:

Joseph M. Vanek
Thomas A. Vickers
Jeffrey R. Moran
David P. Germaine
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

    /s/Coke Morgan Stewart
Coke Morgan Stewart
Va. Bar. No. 41933
Attorney for Juniper Networks, Inc.
Kaye Scholer LLP
901 15th Street, N.W.
Washington, D.C. 20005
Phone: 202-682-3500
Fax: 202-682-3580
coke.stewart@kayescholer.com