IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br><br>      Plaintiff,<br>  v.<br>GRAPHON CORPORATION and<br>VERTICAL MARKETING, INC.,<br><br>      Defendants. | Civil Case No. 1:09cv287 GBL/TRJ |
| GRAPHON CORPORATION, INC.,<br><br>      Counter-Plaintiff,<br>  v.<br>JUNIPER NETWORKS, INC.,<br><br>      Counter-Defendant. | |
| GRAPHON CORPORATION, INC.,<br><br>      Third-Party Plaintiff,<br>  v.<br>JUNIPER NETWORKS (US), INC.,<br><br>      Third-Party Defendant. | |

**PLAINTIFF JUNIPER NETWORKS, INC.'S ANSWER TO
<u>GRAPHON CORPORATION'S COUNTERCLAIMS</u>**

    Juniper Networks, Inc. ("Juniper") hereby answers GraphOn Corporation's ("GraphOn") counterclaims.  The numbered allegations of GraphOn's counterclaims are set forth below, followed by Juniper's answer to each allegation.

**JURISDICTION AND VENUE**

    1.    This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq*. GraphOn requests a judicial declaration that: (1) GraphOn does not infringe any valid,

enforceable claim of the '752 Patent; and (2) the '752 Patent is invalid. GraphOn also requests damages for the Juniper Defendants' infringement of the GraphOn Patents identified and discussed below.

**Answer**:  Juniper admits that GraphOn's counterclaims purport to arise under the Declaratory Judgment Act and the Patent Act.  Juniper admits that GraphOn, in its counterclaims, alleges that the '752 patent is not infringed, that the '752 patent is invalid, and that it is entitled to damages for Juniper's alleged infringement of the GraphOn patents.  Juniper denies the remaining allegations of paragraph 1.

2. Subject to GraphOn's affirmative defenses and denials, this Court has jurisdiction over the subject matter of the Counterclaims and Third-Party Complaint under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**Answer**:  Juniper admits that the Court has jurisdiction over the subject matter of the counterclaims against Juniper.

3. The Juniper Defendants have committed acts within this judicial district giving rise to this action and do business in this District, including one or more of the infringing acts of offering for sale, making sales, using infringing products and providing service and support to their respective customers in this district. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 and by Counter-Defendant's choice of forum by filing an action in this Court.

**Answer**:  Denied.

4. Juniper has submitted to the personal jurisdiction of this Court by bringing the present action. The Court has personal jurisdiction over Juniper US because Juniper US has committed acts within Virginia and this District giving rise to this action and has established minimum contacts with the forum such that the exercise of jurisdiction over Juniper US would not offend traditional notions of fair play and substantial justice.

**Answer**:  Juniper admits that it is subject to the jurisdiction of this Court for adjudication of GraphOn's counterclaims against Juniper.

## PARTIES

5. Counter-Plaintiff and Third-Party Plaintiff GraphOn Corporation, Inc. ("GraphOn") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 5400 Soquel Avenue, Santa Cruz, California.

**Answer**:  Admitted.

6. Counter-Defendant Juniper Networks, Inc. ("Juniper") has alleged that it is a Delaware corporation having its principal place of business at 1194 North Mathilda Avenue, Sunnyvale, CA 94089.

**Answer**:  Admitted.

7. Upon information and belief, Defendant Juniper Networks (US), Inc. ("Juniper US") is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1194 North Mathilda Avenue, Sunnyvale, CA 94089.

**Answer**:  Admitted.

## FIRST COUNTERCLAIM - DECLARATORY JUDGMENT

### Non-infringement of the '752 Patent

8. GraphOn repeats, realleges and incorporates by this reference, each and every allegation contained in Paragraphs 1 through 7 as though fully set forth herein.

**Answer**:  Juniper incorporates its answers to paragraphs 1 through 7 of GraphOn's counterclaims.

9. In its Complaint, Juniper alleges that it is the owner of the '752 Patent.

**Answer**:  Admitted.

10. Juniper has sued GraphOn in the present action, alleging infringement of the '752 Patent.

**Answer**:  Admitted.

11. GraphOn has not and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '752 Patent.

**Answer**:  Denied.

12. There is an immediate, real and justiciable controversy existing between GraphOn and Juniper with respect to the alleged infringement of the '752 Patent.

**Answer**: Admitted.

13. GraphOn is entitled to a judicial declaration that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '752 Patent.

**Answer**: Denied.

14. Juniper has filed this action without a good faith basis, making this an exceptional case. Consequently, Juniper is liable for any and all attorneys' fees, expenses and costs incurred by GraphOn.

**Answer**: Denied.

## SECOND COUNTERCLAIM - DECLARATORY JUDGMENT

### Invalidity of the '752 Patent

15. GraphOn repeats, realleges and incorporates by this reference, each and every allegation contained in Paragraphs 1 through 14 as though fully set forth herein.

**Answer**: Juniper incorporates its answers to paragraphs 1 through 14 of GraphOn's counterclaims.

16. In its Complaint, Juniper alleges that it is the owner of the '752 Patent.

**Answer**: Admitted.

17. Juniper has sued GraphOn in the present action, alleging infringement of the '752 Patent.

**Answer**: Admitted.

18. The '752 Patent is invalid for failure to comply with the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**Answer**: Denied.

19. There is an immediate, real and justiciable controversy existing between GraphOn and Juniper with respect to the alleged validity of the '752 Patent.

**Answer**: Admitted.

20. GraphOn is entitled to a judicial declaration that the '752 Patent is invalid.

**Answer**: Denied.

21. Juniper has filed this action without a good faith basis, making this an exceptional case. Consequently, Juniper is liable for any and all attorneys' fees, expenses and costs incurred by GraphOn.

**Answer**: Denied.

### THIRD COUNTERCLAIM - PATENT INFRINGEMENT

22. GraphOn repeats, realleges and incorporates by this reference, each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

**Answer**: Juniper incorporates its answers to paragraphs 1 through 21 of GraphOn's counterclaims.

23. GraphOn is the assignee of United States Patent No. 7,249,378 ("the '378 Patent") entitled "Firewall Providing Enhanced Network Security And User Transparency." The '378 was duly and legally issued on July 24, 2007, to Christopher D. Coley and Ralph E. Wesinger, Jr. A true and correct copy of the '378 Patent is attached hereto as Exhibit A.

**Answer**: Juniper admits that a copy of the '378 patent is attached to GraphOn's answer and counterclaims as Exhibit A, and that the cover page of the '378 patent identifies Ralph E. Wesinger, Jr. and Christopher D. Coley as the inventors and GraphOn Nes Sub, LLC as the assignee. Juniper lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies such remaining allegations.

24. GraphOn is the assignee of United States Patent No. 7,269,847 ("the '847 Patent") entitled "Firewall Providing Enhanced Network Security And User Transparency." The '847 Patent was duly and legally issued on September 11, 2007, to Christopher D. Coley and Ralph E. Wesinger, Jr. A true and correct copy of the '798 Patent is attached hereto as Exhibit B.

**Answer**: Juniper admits that a copy of the '847 patent is attached to GraphOn's answer and counterclaims as Exhibit B, and that the cover page of the '847 patent identifies Ralph E. Wesinger, Jr. and Christopher D. Coley as the inventors. Juniper lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 and on that basis denies such remaining allegations.

25. GraphOn is the assignee of United States Patent No. 7,383,573 ("the '573 Patent") entitled "Method For Transparently Managing Outbound Traffic From An Internal User Of A Private Network Destined For A Public Network." The '573 Patent was duly and legally issued on June 3, 2008, to Christopher D. Coley

and Ralph E. Wesinger, Jr. A true and correct copy of the '573 Patent is attached hereto as Exhibit C.

**Answer**:  Juniper admits that a copy of the '573 patent is attached to GraphOn's answer and counterclaims as Exhibit C, and that the cover page of the '573 patent identifies Ralph E. Wesinger, Jr. and Christopher D. Coley as the inventors and GraphOn Corporation as the assignee.  Juniper lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 25 and on that basis denies such remaining allegations.

26. GraphOn is the assignee of United States Patent No. 7,424,737 ("the '737 Patent") entitled "Virtual Host For Protocol Transforming Traffic Traversing Between An IP-Compliant Source and Non-IP Compliant Destination."  The '737 Patent was duly and legally issued on September 9, 2008, to Christopher D. Coley and Ralph E. Wesinger, Jr. A true and correct copy of the '737 Patent is attached hereto as Exhibit D.

**Answer**:  Juniper admits that a copy of the '737 patent is attached to GraphOn's answer and counterclaims as Exhibit A, and that the cover page of the '737 patent identifies Ralph E. Wesinger, Jr. and Christopher D. Coley as the inventors and GraphOn Corporation as the assignee.  Juniper lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 and on that basis denies such remaining allegations.

27. Juniper makes, uses, offers to sell and sells products which use their ScreenOS, JUNOS, JUNOSe or IDP software, including their Hardware Security Client, their Netscreen, SSG and ISG series of firewall products, the BX7000 firewall product, and their E-Series, M-Series, J-Series, T-Series and IDP products.

**Answer**:  Juniper admits that it offers to sell and sells the Hardware Security Client, Netscreen, SSG, ISG, BX7000, E-Series, M-Series, J-Series, T-Series, and IDP products (and products which use ScreenOS, JUNOS, JUNOSe, or IDP software) but denies that it makes these products.

28. Upon information and belief, Juniper has infringed and continues to infringe under 35 U.S.C. § 271, the '378 Patent, the '847 Patent, the '573 Patent and the '737 Patent (collectively, the "GraphOn Patents"). The infringing acts include, but are not limited to, making, using, offering to sell and selling certain of the above-identified firewall products that are covered by one or more claims of the GraphOn Patents.

**Answer**:  Denied.

6

29. The Juniper Defendants' acts of infringement have caused damage to GraphOn. Under 35 U.S.C. § 284 and GraphOn is entitled to recover from the Juniper Defendants the damages sustained by GraphOn as a result of their infringement of the GraphOn Patents. The Juniper Defendants' infringement of GraphOn's exclusive rights under the GraphOn Patents will continue to damage GraphOn's business, causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

**Answer**:  Denied.

30. Upon information and belief, the Juniper Defendants' infringement of the GraphOn Patents has been willful and deliberate, and entitles GraphOn to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. 285.

**Answer**:  Denied.

## PRAYER FOR RELIEF

Juniper denies that GraphOn is entitled to the relief requested in its counterclaims or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Juniper asserts the following defenses based in fact or upon reasonable belief and hereby reserves the right to amend this Answer to allege appropriate or additional defenses, if subsequent investigation or discovery so warrants.

1. The '378 patent is invalid under 35 U.S.C. §§ 102 and 103.
2. The '847 patent is invalid under 35 U.S.C. §§ 102 and 103.
3. The '573 patent is invalid under 35 U.S.C. §§ 102 and 103.
4. The '737 patent is invalid under 35 U.S.C. §§ 102 and 103.
5. Juniper has not in any manner infringed the '378 patent.
6. Juniper has not in any manner infringed the '847 patent.
7. Juniper has not in any manner infringed the '573 patent.
8. Juniper has not in any manner infringed the '737 patent.
9. GraphOn's counterclaims are barred by laches, waiver, and/or estoppel.
10. 35 U.S.C. § 287 limits recovery of damages, if any, by GraphOn.

11.     GraphOn is not entitled to injunctive relief because any injury to GraphOn is not immediate or irreparable, and GraphOn has an adequate remedy at law.

Respectfully submitted,

Date: May 26, 2009

  /s/Coke Morgan Stewart
Alan M. Fisch *(pro hac vice)*
*alan.fisch@kayescholer.com*
Coke Morgan Stewart *(Va. Bar No. 41933)*
*coke.stewart@kayescholer.com*
R. William Sigler *(Va. Bar No. 65940)*
*bill.sigler@kayescholer.com*
Kevin W. Jakel *(pro hac vice)*
*kevin.jakel@kayescholer.com*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Phone: 202-682-3500
Fax: 202-682-3580

*Attorneys for Juniper Networks, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Joseph M. Vanek
Jeffrey R. Moran
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

                                          /s/Coke Morgan Stewart
                                       Coke Morgan Stewart
                                       Va. Bar. No. 41933
                                       Attorney for Juniper Networks, Inc.
                                       Kaye Scholer LLP
                                       901 15th Street, N.W.
                                       Washington, D.C. 20005
                                       Phone: 202-682-3500
                                       Fax: 202-682-3580
                                       coke.stewart@kayescholer.com