IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br><br> Plaintiff, <br> v. <br> GRAPHON CORPORATION and <br> VERTICAL MARKETING, INC., <br><br> Defendants, <br><br> GRAPHON CORPORATION, <br><br> Counter-Plaintiff, <br> v. <br> JUNIPER NETWORKS, INC., <br><br> Counter-Defendant, <br><br> GRAPHON CORPORATION, INC., <br><br> Third-Party Plaintiff, <br> v. <br> JUNIPER NETWORKS (US), INC., <br><br> Third-Party Defendant. | Civil Action No. 1:09cv287 GBL/TRJ |

## GRAPHON'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

NOW COMES GraphOn Corporation and Vertical Marketing, Inc. (herein collectively "GraphOn"), by and through their attorneys, and in support of their Motion for Entry of a Confidentiality Stipulation and Protective Order, hereby state as follows:

## **INTRODUCTION**

The parties have met and conferred regarding submission of a Confidentiality Stipulation and Protective Order ("Protective Order") but have been unable to reach agreement in regard to its terms. Counsel for Juniper Networks, Inc. and Juniper Networks (US), Inc. (herein collectively "Juniper"), has repeatedly delayed discussion of GraphOn's proposed Protective Order terms, despite having issued discovery requests to defendants on May 18, 2009. Further, despite GraphOn's counsel's repeated requests to discuss Protective Order terms, Juniper recently proposed that the parties submit alternate Protective Orders for ruling by the Court on June 18, 2009. As both parties must prepare for their respective productions of source code, to occur in less than three weeks, Juniper's proposal is unacceptable, and to speak bluntly, puzzling. To delay the decision regarding the manner and method of source code production to less than five days before the production is required is simply impractical. Source code production is an involved process, and it is imperative that the manner and method for this production is in place well before the production is to occur. Moreover, both party's infringement suits hinge on the source code productions and review and, therefore, *a protective order governing the source code production must be set as soon as possible.*

Juniper will likely argue that the parties have not exhausted the negotiations regarding disputed terms, but GraphOn firmly disagrees. GraphOn's counsel initiated contact with Juniper's counsel regarding the Protective Order on May 13, 2009, to which Juniper's counsel replied on May 14th that she would call the following day, May 15th. *See* Email from J. Moran to A. Fisch dated May 13, 2009, attached hereto as "Exhibit A"; Email from C. Stewart to J. Moran, dated May 14, 2009, attached hereto as "Exhibit B." Having not

received a phone call from opposing counsel by May 19th, GraphOn's counsel again initiated contact with Juniper's counsel, and again Juniper's counsel responded by email, stating that she would call the following day. *See* Email from C. Stewart to J. Moran, dated May 19, 2009, and attached hereto as "Exhibit C." On Wednesday May 20th, after a second call and voicemail from GraphOn's counsel, the parties had an initial discussion regarding the Protective Order, previously forwarded by GraphOn on May 19th. *See id.* At that point, counsel for the parties agreed to discuss disputed terms by Wednesday, May 27th.

On May 27th, counsel for GraphOn received an email from Juniper's counsel stating that the parties would discuss the proposed Protective Order on May 29th. *See* Email from C. Stewart to J. Moran dated May 29, 2009 and attached hereto as "Exhibit D." GraphOn requested a meet and confer due to Juniper's unending delay in regard to discussion of the Protective Order terms, but Juniper's counsel stated that her client was traveling all day the 27th, she was in a deposition with her client throughout the 28th, and no one else from Juniper's litigation team could discuss the Protective Order terms until May 29th. *See* Email string from J. Moran to C. Stewart dated May 27, 2009, attached hereto as "Exhibit E." Thus, discussion of disputed terms was reset for May 29th during a call previously set for discussion of each party's proposed discovery plans. *Id.* Despite this statement by Juniper, on May 28th, GraphOn received Juniper's proposed discovery plan which proposed further delaying resolution of this issue until June 18, 2009.

During the call on May 29th, Juniper's counsel was unprepared to discuss any terms of the Protective Order, stating that she would meet with her client later that day to discuss the terms. GraphOn proposed that counsel for the parties could discuss the terms immediately thereafter, but Juniper's counsel categorically stated there would be no response

to the proposed terms until Monday.[1] Thus, GraphOn's accommodation of Juniper's delays, on a repeated basis, has come to an end. This Motion is the result of Juniper's unending delay tactics, the teleconference on May 29, 2009 between counsel for both parties, and the necessity of having a protective order in place well ahead of the source code production required to take place in three weeks.

GraphOn submits the attached proposed Confidentiality Stipulation and Protective Order for consideration by this Honorable Court, which mirrors a Protective Order previously negotiated between the parties. *See* Protective Order, attached hereto as "Exhibit 1." As the Court is likely aware, GraphOn and Juniper are currently litigating a patent infringement suit it the Eastern District of Texas. On March 31, 2009, after more than six months of discussions between counsel, the parties submitted a Motion for Entry of a Joint Protective Order with competing terms, requesting that the Court decide the terms in dispute by the parties. That Motion has yet to be ruled upon, and while GraphOn acknowledges that the case here is distinct from the suit in the Eastern District of Texas, the parties are the same and both cases involve patent infringement suits in which source code production is required.

With that in mind, and due to the fact that Juniper's counsel will not engage on the merits of the proposed terms, GraphOn provides the following brief explanation regarding areas of previous dispute between the parties. As this Court is frequently confronted with protective order disputes, GraphOn makes every effort to submit its position with brevity. For the Court's reference, the parties previously disputed the following paragraphs of Exhibit 1: ¶¶ 3(c); 11 (a), (c)-(j), (m)-(o); 28.

---

[1] Juniper's counsel informed GraphOn, during the call on May 29th, that despite receiving the proposed protective order on May 19th, counsel had not had the opportunity to discuss terms with Juniper due to her client's vacation the week of May 18th, the Memorial Day weekend, and a deposition May 28th. Juniper's position is curious as Juniper filed a Motion to Sever and Transfer GraphOn's counterclaim on May 22nd.

## DISPUTED TERMS

GraphOn's explanation herein addresses two underlying disputes. First, with regard to source code production, GraphOn proposes that each party produce its source code at opposing counsel's office located in the Eastern District of Virginia. This is undeniably the most effective way for the parties' respective reviews to proceed. Conversely, despite filing its infringement suit in the Eastern District of Virginia, Juniper has stated that it would like its source code production to take place at its offices in California.

Second, with regard to the prosecution bar, GraphOn submits that only those attorneys which have reviewed the opposing party's 'Highly Confidential' material should be barred from prosecution of the patents-in-suit for one year following resolution of this matter. While Juniper has not specifically replied to GraphOn's proposal in this case, its position in the Eastern District of Texas was that any attorney with *potential access* to 'Highly Confidential' information be subject to the prosecution bar.

Thus, for the reasons set forth below, GraphOn respectfully requests that the Court grant its Motion and enter the attached Confidentiality Stipulation and Protective Order.

### I.   Production Of Source Code Should Occur Such That An Expeditious Review Can Be Accomplished By Both Parties.

Production of source code is historically a fundamental dispute between parties due to concern for the security of each party's code. GraphOn finds any concern regarding security to run counter to the intrinsic nature of a Confidentiality Stipulation and Protective Order. The underlying premise of a Protective Order is that the parties agree to keep confidential material *confidential*. Thus, it is baffling when any party mandates that source code review *must* be done at corporate headquarters or outside counsel's out-of-state office. There is simply no cause for extensive security when each party's consultants are bound by

confidentiality agreements tied to the Protective Order and the jurisdiction of this Court. Thus, GraphOn proposes that each party set up review of their source code at a location within this Court's jurisdiction, opposing counsel's office in the Eastern District of Virginia. *See* Ex. 1, ¶ 11.

Of course, to ensure an expeditious review, the parties must each set up the review environment, operating system and search tools that are used with the source code in the regular course of business. Further, so that Juniper is assured that GraphOn has produced all source code necessary for the review, GraphOn will produce its code such that Juniper's analysts can compile the code into the accused products. Juniper must do the same. Clearly, without the ability to compile source code, Juniper and GraphOn consultants cannot verify whether all source code has been produced for the review. Verification through compilation of the code is necessary because, despite assurances to the contrary, oversights seem to occur on a regular basis in source code productions. In fact, in *Juniper Networks v. Toshiba America Information Systems, et. al.* (E.D. Tex. 2007), Case No. 2:05-cv-00479-TJW-CE, even Juniper was forced to bring a motion before the Court because all source code in the defendant's possession was not produced. *See id.*, Memorandum Opinion and Order, Docket No. 169, attached hereto at "Exhibit F."

Furthermore, because this Court has an expedited discovery schedule, the parties should ensure that the source code review can be accomplished as efficiently as possible. As seen in ¶ 3(c) of the Protective Order, the term "Dynamic analysis" is defined as "observation and understanding of a program by inspecting and observing its Object Code as it runs." *See* Ex. 1, ¶ 3(c). This type of analysis is accomplished by using compilable source code, and use of debugging tools provides the parties with search techniques that enable an analyst to

quickly find specific lines of code. Without debugging tools, the source code analysis will be extended substantially, perhaps by a factor of twenty, because the parties would be forced to review millions of lines of code, line-by-line.

GraphOn would not request the production of compilable code unless it was readily available to do the same for Juniper's review. Neither party should be forced to spend excessive time and money to review code on a line-by-line basis when the burden of production is small – the parties merely need to produce that which is used by their respective engineers and employees during the regular course of business. Thus, GraphOn proposes that the parties be permitted to review source code expeditiously by having the option to compile the source code and use all tools available to facilitate the analysis process. *See* Ex. 1, ¶ 11.

Finally, due to the nature of the technology in this case, it is imperative that the source code be produced on a **local** network. *See* Ex. 1, ¶ 11(f). To be clear, this is not a request for network connectivity outside the room in which code will be reviewed. Because the patents-in-suit for both parties require connections between two computers, the parties should be permitted to observe the features of the accused products in the environment for which they were created. Simply put, Juniper has alleged infringement of products that provide remote access of a terminal computer to a host computer. GraphOn has alleged infringement of firewall and router products. Both technologies apply to computers that are connected and, therefore, a local network is necessary for both party's source code reviews.

Juniper has previously argued that providing a **local** network would result in a security risk, but this position is wholly nonsensical. <u>The computers provided for the source code review would be networked to each other, in a localized network; there is no</u>

<u>connectivity outside of the reviewing room.</u>  A localized network does not provide any more of a security concern than a single unnetworked computer.  Again, every proposal forwarded by GraphOn will equally benefit the parties.

## II.    The Scope Of The Prosecution Bar.

Within a proposed protective order, it is standard practice for the parties to agree that attorneys who become privy to the opposing party's 'Highly Confidential' information should be barred, for a specified time period, from amending the patents-in-suit such that the accused products infringe new patent claims.  GraphOn respectfully submits that the prosecution bar should be applicable to an attorney who has reviewed or learned of the opposing party's confidential information. *See* ¶ 28, Ex. 1.  Juniper's proposed extension of this prosecution bar to all attorneys who *potentially* have access to confidential information is overly restrictive.  Further, GraphOn proposes a one-year prosecution bar which will safeguard the interests of the parties after resolution of this matter.  Finally, GraphOn submits that the prosecution bar should govern the patents-in-suit.  Again, any argument to the contrary is simply overly restrictive.

## CONCLUSION

GraphOn has made numerous attempts to engage Juniper on its proposed protective order terms, but Juniper has offered only repeated delay.  While Juniper's final request was one business day of further delay, the practical implication of that delay is a full week delay before the disputed terms could be brought before the Court.  This case hinges on production and review of source code and further delay regarding determination of the manner and method of this production is unacceptable.  Source code production obligations are fast approaching, and it is imperative that the protective order terms are in place.

WHEREFORE, GraphOn Corporation and Vertical Marketing, Inc., respectfully request that this Honorable Court grant this Motion and enter the proposed Confidentiality Stipulation and Protective Order, attached as Exhibit 1.

DATED: May 29, 2009                         GRAPHON CORPORATION, INC. and
                                            VERTICAL MARKETING, INC.


                                            By _____/s/_____
                                                    Of Counsel

                                            Robert A. Angle, VSB #37691
                                            robert.angle@troutmansanders.com
                                            Dabney J. Carr, IV, VSB #28679
                                            dabney.carr@troutmansanders.com
                                            TROUTMAN SANDERS LLP
                                            Troutman Sanders Building
                                            1001 Haxall Point
                                            Richmond, Virginia  23219
                                            Telephone:  804-697-1200
                                            Facsimile:  804-697-1339

                                            Michael D. Rounds
                                            Melissa Barnard
                                            WATSON ROUNDS
                                            5371 Kietzke Lane
                                            Reno, Nevada 89511
                                            Tel: (775) 324-4100
                                            Fax: (775) 333-8171
                                            Email:  mrounds@watsonrounds.com
                                            Email:  mbarnard@watsonrounds.com

                                            Joseph M. Vanek
                                            Thomas A. Vickers
                                            David P. Germaine
                                            Jeffrey R. Moran
                                            VANEK, VICKERS & MASINI
                                            111 S. Wacker Drive, Suite 4050
                                            Chicago, IL  60606
                                            Tel:  (312) 224-1500
                                            Fax:  (312) 224-1510
                                            Email:  jvanek@vaneklaw.com
                                            Email:  tvickers@vaneklaw.com
                                            Email: dgermaine@vaneklaw.com

Email: jmoran@vaneklaw.com

*Counsel for GraphOn Corporation and Vertical Marketing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of May, 2009, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

> Alan M. Fisch, Esquire
> afisch@kayescholer.com
> Jason F. Hoffman, Esquire
> jahoffman@kayescholer.com
> Coke Morgan Stewart, Esquire
> cstewart@kayescholer.com
> Roy William Sigler, Esquire
> bsigler@kayescholer.com
> Kevin W. Jakel, Esquire
> kjakel@kayescholer.com
> KAYE SCHOLER LLP
> 901 15th St, NW
> Washington, DC 20005
> (202) 682-3500
> *Counsel for Juniper Networks, Inc.*

>                   /s/
>              Of Counsel

> Robert A. Angle, VSB #37691
> robert.angle@troutmansanders.com
> Dabney J. Carr, IV, VSB #28679
> dabney.carr@troutmansanders.com
> TROUTMAN SANDERS LLP
> Troutman Sanders Building
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone: (804) 697-1200
> Facsimile: (804) 697-1339
>
> *Counsel for GraphOn Corporation and Vertical Marketing, Inc.*

1840991v1