IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br>       Plaintiff, <br>   v. <br> GRAPHON CORPORATION and <br> VERTICAL MARKETING, INC., <br>       Defendants. <br><br> GRAPHON CORPORATION, INC., <br>       Counter-Plaintiff, <br>   v. <br> JUNIPER NETWORKS, INC., <br>       Counter-Defendant. <br><br> GRAPHON CORPORATION, INC., <br>       Third-Party Plaintiff, <br>   v. <br> JUNIPER NETWORKS (US), INC., <br>       Third-Party Defendant. | Civil Case No. 1:09cv287 GBL/TRJ |

## JOINT DISCOVERY PLAN

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's May 18, 2009 Order, counsel of record for Juniper Networks, Inc. and Juniper Networks (US), Inc. (collectively "Juniper"), and GraphOn Corporation and Vertical Marketing, Inc. (collectively "GraphOn/Vertical") have conferred and hereby respectfully submit this Joint Discovery Plan. The parties have agreed to each file a single, brief Memorandum addressing the disputed issues in this plan at 5:00 p.m. EST June 4, 2009.

**I.    SERVICE**

To facilitate the efficient and speedy resolution of issues, the parties agree to serve all documents, including all court-filings, discovery requests and responses, and correspondence, by electronic means, unless such documents are overly voluminous, in which case service may be effectuated by Federal Express or other overnight delivery service. Service by electronic means shall be deemed equivalent to hand delivery for purposes of calculating deadlines.

**II.    PROTECTIVE ORDER**

The parties mutually agree that until the Court enters a protective order, all documents produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as Outside-Counsel's-Eyes Only, and shall not be disclosed to anyone except outside counsel and their staffs. In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that a protective order has not yet been entered.

**III.    DISCOVERY SCHEDULE**

    A.    The parties agree to serve their Rule 26(a)(1) disclosures on **June 18, 2009**.

    B.    [Disputed]

        JUNIPER PROPOSES: On or before **June 25, 2009,** each party shall serve an "Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions" and include the information set forth in Exhibit A attached hereto.

        GRAPHON/VERTICAL PROPOSES: Discovery regarding asserted claims and infringement contentions shall be addressed through interrogatories and document requests.

        Each party will address this point more fully in its Memorandum.

C.  [Disputed]

JUNIPER PROPOSES: To the extent such documents have not already been requested and produced, together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," for each patent-in-suit, each party shall produce, or make available for inspection and copying, the documents set forth in Exhibit A attached hereto.

GRAPHON/VERTICAL PROPOSES: Discovery regarding asserted claims and infringement contentions shall be addressed through interrogatories and document requests.

Each party will address this point more fully in its Memorandum.

D.  [Disputed]

JUNIPER PROPOSES: On or before **August 13, 2009, e**ach party shall serve its "Preliminary Invalidity Contentions" and include the information set forth in Exhibit A attached hereto.

GRAPHON/VERTICAL PROPOSES: Discovery regarding asserted claims and infringement contentions shall be addressed through interrogatories and document requests.

Each party will address this point more fully in its Memorandum.

E.  [Disputed]

JUNIPER PROPOSES: To the extent such documents have not already been requested and produced, with the "Preliminary Invalidity Contentions," each party

        shall produce or make available for inspection and copying the documents set forth in Exhibit A attached hereto.

        GRAPHON/VERTICAL PROPOSES: Discovery regarding asserted claims and infringement contentions shall be addressed through interrogatories and document requests.

        Each party will address this point more fully in its Memorandum.

F.    Amended Pleadings, except those adding patents-in-suit, may be filed without leave of Court on or before **August 6, 2009**. Otherwise, pleadings may be amended only with leave of Court, and only upon a showing of good cause.

G.    [Disputed]

        JUNIPER PROPOSES: A claim construction hearing shall be held on **August __, 2009**. The parties shall follow the disclosure and briefing schedule detailed in Exhibit A attached hereto.

        GRAPHON/VERTICAL PROPOSES: Claim construction briefing, and a hearing regarding claim construction (if the Court desires one), shall occur in accordance with summary judgment briefing.

        Each party will address this point more fully in its Memorandum.

H.    All initial expert reports (*i.e.*, for matters on which a party bears the burden of proof) shall be served on or before **September 24, 2009**. All rebuttal reports shall be served on or before **October 15, 2009**.

I.    All discovery shall be commenced in time to be completed by **November 5, 2009**. This shall mean that interrogatories, requests for production, and requests for

        admission must be served at least 30 days prior to November 5, 2009, so that responses will be due on or before the completion date.

    J.    All dispositive and *Daubert* motions shall be filed by no later than **November 12, 2009**.

    K.    The Final Pretrial Conference shall be conducted on **November 19, 2009**.

## IV. DISCOVERY LIMITATIONS

In addition to the discovery limitations set forth in the Court's May 18, 2008 Order, the parties further agree as follows:

    A.    A party may not serve on any other party more than fifty (50) requests for admission, including parts and subparts, without leave of court.

    B.    The total number of non-expert deposition hours taken, including party and non-party depositions, shall not exceed 100 hours per side.

    C.    [Disputed In Part]

        A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation. A party may not notice more than fifteen (15) topics for the Rule 30(b)(6) deposition, which topics shall be ordered by the amount of time the deposing party estimates it will devote to each topic, and such a deposition shall not exceed ten (10) total hours. The parties agree to identify all corporate representatives, and the topics that each will testify on, at least three (3) days prior to their deposition. If a witness testifies as to his or her personal knowledge, the deposing party need not separately depose that person pursuant to Rule 30(b)(6) regarding the same topics.

    GRAPHON/VERTICAL MARKETING agrees to paragraph IV.C., except that it proposes fourteen (14) hours of Rule 30(b)(6) testimony as to technical issues and ten (10) hours of Rule 30(b)(6) testimony as to damages issues. In addition, GraphOn/Vertical does not agree to the provision requiring a party to order topics by the estimated amount of time.

    Each party will address this point more fully in its Memorandum.

D. For depositions that require translation, the maximum deposition time shall be no more than fourteen (14) hours, and in the event a party asserts that a personal deposition needs more than seven (7) hours, the parties agree to meet and confer in good faith to establish an appropriate time limit. In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good faith in order to modify the limits established above.

E. The parties agree that no notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications, and

        other information exempt from discovery under this paragraph shall be treated as attorney work product.

F.      The parties shall provide a privilege log within thirty-five (35) calendar days of service of responses to document requests. Notwithstanding the requirements of Fed. R. Civ. P. 26(b)(5), a party may withhold without listing on the privilege log a privileged communication to or from its outside litigation counsel of record or a privileged document created by its outside litigation counsel of record that (1) was created or made after the party consulted that counsel to obtain professional legal services from that counsel in the prosecution or defense of a claim in the litigation and that (2) concerns the litigation. Inadvertent production of privileged material shall not be deemed a waiver of any privilege, and, if it is discovered that a party has produced privileged material, the receiving party shall promptly return the same.

G.      The parties agree to the following with regard to the production of documents.

    1.    To the extent reasonably practicable, all documents should be produced as Group IV TIFF images at 300 dpi named the same as the Bates number. Color images should be provided in jpg format.

    2.    A standard image load file indicating document boundaries and location of images should accompany the image. The load file should be in a format that can be used as is or easily modified to accommodate loading into any industry standard litigation support software system. The data fields in the image load file should be comma delimited. The Opticon file format is recommended.

3. OCR should be provided at a document by document text file level by a third party vendor. There should be one OCR text file per document (not single page text files for each page), named the same as the beginning Bates number (Document ID) of the document. The OCR text file for a document should reside in the same location (file directory) as the images for that document. In order to assure that the OCR produced is comparable in this case, the OCR engine used will be one of the following industry accepted engines: Expression 7.x - Law4.x or Law5.x; Ipro - Current Version; Doculex - Current Version; Ribstone Systems - Current Version; Readiris - Current Version; Abbyy Finereader - Current Version; Prime OCR - Current Version; Lead Tools - Current Version; Pegasus - Current Version.

4. Accounting and financial data kept electronically in an accounting database (i.e., SAP) will also be produced in a uniquely delimited text file that can be electronically manipulated and can be loaded into various programs, including Microsoft Excel. Also, the parties will agree to produce the queries that were run to collect the accounting and financial data that is produced.

H. The parties agree to exchange electronic copies of discovery requests in Word and .pdf format. The parties agree to exchange electronic copies of privilege logs in Excel or in another format that permits the parties to sort the log by date, sender, recipient, and the like.

## V. SETTLEMENT CONFERENCE

The parties have discussed the possibility of a prompt settlement or resolution of this case, but to date these discussions have not resolved the case. The parties will continue to explore the possibility of a prompt settlement or resolution.

## VI. OTHER MATTERS

A. [Disputed In Part]

JUNIPER expects the trial of this matter to last **four (4) days** should the Court grant Juniper's motion to sever and transfer GraphOn's counterclaims, and **ten (10) days** should the Court deny that motion.

GRAPHON/VERTICAL MARKETING expects the trial of this matter to last **six (6) days** should the Court grant Juniper's motion to sever and transfer GraphOn's counterclaims, and **twelve (12) days** should the Court deny that motion.

Each party will address this point more fully in its Memorandum.

B. The parties do not agree to proceed to trial before a magistrate judge.

C. A jury trial has been demanded.

Dated: June 3, 2009

Respectfully submitted,

  /s/Dabney J. Carr, IV  
Robert A. Angle, VSB #37691  
Dabney J. Carr, IV, VSB #28679  
TROUTMAN SANDERS LLP  
Troutman Sanders Building  
1001 Haxall Point  
Richmond, Virginia  23219  
Telephone:  804-697-1200  
Facsimile:  804-697-1339  
Email:  robert.angle@troutmansanders.com  
Email:  Dabney.carr@troutmansanders.com  

Michael D. Rounds (*pro hac vice*)  
Melissa P. Barnard (*pro hac vice*)  
WATSON ROUNDS  
5371 Kietzke Lane  
Reno, Nevada 89511  
Tel: (775) 324-4100  
Fax: (775) 333-8171  
Email:  mrounds@watsonrounds.com  
Email:  mbarnard@watsonrounds.com  

Joseph M. Vanek (*pro hac vice*)  
Jeffrey R. Moran (*pro hac vice*)  
VANEK, VICKERS & MASINI  
111 S. Wacker Drive, Suite 4050  
Chicago, IL  60606  
Tel:  (312) 224-1500  
Fax:  (312) 224-1510  
Email:  jvanek@vaneklaw.com  
Email:  jmoran@vaneklaw.com  

*Attorneys for GraphOn Corporation and Vertical Marketing, Inc.*

  /s/Coke Morgan Stewart  
Alan M. Fisch *(pro hac vice)*  
Coke Morgan Stewart *(Va. Bar No. 41933)*  
R. William Sigler *(Va. Bar No. 65940)*  
Kevin W. Jakel *(pro hac vice)*  
KAYE SCHOLER LLP  
The McPherson Building  
901 Fifteenth Street, NW  
Washington, DC 20005-2327  
Phone: 202-682-3500  
Fax: 202-682-3580  
Email: alan.fisch@kayescholer.com  
Email: coke.stewart@kayescholer.com  
Email: bill.sigler@kayescholer.com  
Email: kevin.jakel@kayescholer.com  

*Attorneys for Juniper Networks, Inc. and Juniper Networks (US), Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Joseph M. Vanek
Jeffrey R. Moran
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

   /s/Coke Morgan Stewart
Coke Morgan Stewart
Va. Bar. No. 41933
Attorney for Juniper Networks, Inc. and
Juniper Networks (US), Inc.
Kaye Scholer LLP
901 15th Street, N.W.
Washington, D.C. 20005
Phone: 202-682-3500
Fax: 202-682-3580
coke.stewart@kayescholer.com

# EXHIBIT A

<u>Disclosures</u>

Each party's "Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall identify separately, and as specifically as possible, the following information for each patent-in-suit:

1. Each claim of each patent-in-suit that is allegedly infringed by each opposing party.

2. For accused products, a claim chart identifying specifically where each limitation of each asserted claim is found within each accused device, including for each limitation that a party contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identity of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

3. For accused methods, a claim chart identifying specifically how each limitation of each asserted method claim is practiced by each accused product.

4. Whether each limitation of each asserted claim is claimed to be literally infringed or infringed under the doctrine of equivalents in the accused device.

5. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

6. If a party wishes to preserve the right to rely on the assertion that its own apparatus, product, device or other instrumentality practices the claimed invention, that party shall identify each such apparatus, product, device, other instrumentality, or method.

7. If a party believes in good faith that the Court's claim constructions so require, not later than 10 days after service by the Court of its claim construction ruling, that party may serve amended infringement contentions without leave of court.  Otherwise, amendment or supplementation of any infringement contentions may be made only by order of the Court, which shall be entered upon a showing of good cause.

Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," for each patent-in-suit, each party shall produce, or make available for inspection and copying, the following (together with any English translations of the documents completed prior to this litigation), to the extent these items are in the party's possession, custody, or control:

1. A copy of the file history for each patent.

2. All licenses for each patent which do not have any confidentiality provision or which the party has been able to obtain permission to produce without an

        order of the Court. In the event that a party withholds production of relevant licenses because of confidentiality provisions, it shall notify defendants of the existence of such withheld licenses, and the steps the party is taking to obtain any necessary permission(s).

3. All rulings in any other cases in which the patents have been asserted, regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

4. Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, the claimed invention prior to the date of application for each patent. A party's production of these documents shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5. Documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application or the priority date identified in each patent.

Each party's "Preliminary Invalidity Contentions" must identify as specifically as possible the following, to the extent these items are in the party's possession, custody, or control:

1. Each item of prior art that the party contends anticipates each specified claim.

2. Each item or combination of prior art that the party contends renders each specified claim obvious and the motivation to combine such items.

3. A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that the party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

4. Any grounds of invalidity for any of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1).

5. If a party believes in good faith that the Court's claim constructions so require, not later than 20 days after service by the Court of its claim construction ruling, that party may serve amended invalidity contentions without leave of court. Otherwise, amendment or supplementation of any invalidity contentions may be made only by order of the Court, which shall be entered upon a showing of good cause.

To the extent such documents have not already been requested and produced, with the "Preliminary Invalidity Contentions," each party shall produce or make available for inspection and copying the following (together with any English translations of the documents completed prior to this litigation):

1. A copy of each item of prior art identified by the party that does not appear in the file history of the patent at issue.

2. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of each accused product made, used, sold and/or imported in the United States.

Claim Construction Schedule

The following schedule applies in advance of the claim construction hearing:

1. On **July 2, 2009**, the parties shall exchanged proposed terms requiring construction.

2. On **July 7, 2009**, the parties shall meet and confer in an effort to narrow the claim terms requiring construction.

3. On **July 14, 2009**, the parties shall exchange proposed claim constructions, together with an identification of all references from the specification or prosecution history that support that construction and an identification of extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses.

4. On **July 23, 2009**, the parties shall file opening claim construction briefs.

5. On **July 30, 2009**, the parties shall file responsive claim construction briefs.