IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br>       Plaintiff, <br>   v. <br> GRAPHON CORPORATION and <br> VERTICAL MARKETING, INC., <br>       Defendants. <br><br> GRAPHON CORPORATION, INC., <br>       Counter-Plaintiff, <br>   v. <br> JUNIPER NETWORKS, INC., <br>       Counter-Defendant. <br><br> GRAPHON CORPORATION, INC., <br>       Third-Party Plaintiff, <br>   v. <br> JUNIPER NETWORKS (US), INC., <br>       Third-Party Defendant. | Civil Case No. 1:09cv287 GBL/TRJ |

**JUNIPER NETWORKS, INC. AND JUNIPER NETWORKS (US), INC.'S**
**<u>MEMORANDUM IN SUPPORT OF THEIR PROPOSED DISCOVERY PLAN</u>**

     The parties disagree on three discovery issues: (1) whether the Court should adopt the disclosure requirements that are frequently adopted in patent cases and have previously been adopted in other cases in this Court, (2) whether the Court should hold a claim construction hearing and set forth a claim construction disclosure and briefing schedule, and (3) whether the Court should impose certain restrictions for Rule 30(b)(6) depositions.

Juniper Networks, Inc. and Juniper Networks (US), Inc. (collectively, "Juniper") address these issues in turn, and respectfully request that the Court endorse Juniper's proposals on each issue.

### 1.  Disclosure Requirements[1]

Juniper proposes that the Court adopt the disclosure requirements for infringement and invalidity contentions that are mandated in numerous jurisdictions with patent-heavy caseloads[2] and regularly employed in numerous others, including this district, with experience managing complex patent cases.[3] These patent disclosure requirements are "designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity" the parties' infringement and invalidity claims and defenses.[4]

Adopting these disclosure requirements will obviate the need for the parties to engage in extensive interrogatory practice seeking disclosure of information that both sides already agree should be exchanged.[5] And the disclosure requirements will force each party to disclose the grounds for its claims and defenses by a date certain, rather than on a rolling basis subject to the inevitable objections and discovery motion practice.

---

[1] *See* Joint Discovery Plan at III.B. through E., and Ex. A.

[2] Such jurisdictions include the Northern District of California, Eastern District of Texas, Western District of Pennsylvania, Northern District of Georgia, and the District of New Jersey.

[3] *See Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc.*, Docket No. 1:08CV157 CMH-TRJ (Jones, J.); *Verizon Servs. Corp. v. Vonage Holdings Corp.*, Docket No. 1:06CV682 (CMH-BRP) (Poretz, J.).

[4] *Intertrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003); *see also Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008).

[5] *See Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079, 2003 WL 21699799, at *4 (N.D. Cal. Mar. 21, 2003) (the disclosure requirements "take[] the place of a series of interrogatories that defendants would likely have propounded had the local patent rules not provided for streamlined discovery").

### 2. Claim Construction

Given that there are five patents-in-suit, and the technology at issue here (remote software access and firewall devices) is relatively complex, Juniper proposes that the Court conduct a separate claim construction hearing in August 2009.[6] A timely claim construction hearing will greatly streamline the case, allowing the parties to refine their infringement and invalidity positions through discovery, position the case for disposition through summary judgment, and promote possible settlement, as claim construction is often dispositive on infringement and invalidity issues. Indeed, the Federal Circuit has noted that a timely construction of the claims can lead to dramatic savings in both time and expense for the parties and court.[7]

If the Court declines to set a separate briefing and claim construction hearing schedule, Juniper proposes that the Court nonetheless adopt its proposed schedule for disclosing terms requiring construction, proposed claim constructions, and the evidence supporting proposed claim constructions.[8] These provisions would streamline the case by narrowing fact and expert discovery.

### 3. Rule 30(b)(6) Depositions

To alleviate the burden of cumbersome Rule 30(b)(6) practice, Juniper proposes that each party take a single Rule 30(b)(6) deposition lasting no more than 10 hours.[9] Juniper's proposal will promote the efficient completion of Rule 30(b)(6) discovery and minimize

---

[6] *See* Joint Discovery Plan at III.G and Ex. A.

[7] *See Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 803-804 (Fed. Cir. 1999) ("... the court's management of discovery at the claim construction stage may serve the salutary goals of speed and economy").

[8] *See* Joint Discovery Plan at Ex. A.

[9] *See* Joint Discovery Plan at IV.C. The parties have agreed that a party may issue multiple notices for this single deposition, and that multiple witnesses may testify.

potential areas of dispute.  In contrast, the significant additional time GraphOn proposes for Rule 30(b)(6) testimony (14 hours for testimony as to technical issues and 10 hours as to damages issues)[10] is unnecessary and amounts to nearly four times the seven-hour time limit established in the Federal Rules of Civil Procedure for a deposition.

Juniper also proposes that each party order its noticed Rule 30(b)(6) topics by the amount of time that party expects to devote to each topic.[11]  This would promote efficiency, as it would aid the noticed party in appropriately preparing its designees on the noticed topics.

Respectfully submitted,

Date: June 4, 2009

　/s/Coke Morgan Stewart　
Alan M. Fisch *(pro hac vice)*
Coke Morgan Stewart *(Va. Bar No. 41933)*
R. William Sigler *(Va. Bar No. 65940)*
Kevin W. Jakel *(pro hac vice)*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Phone: 202-682-3500
Fax: 202-682-3580
Email: alan.fisch@kayescholer.com
Email: coke.stewart@kayescholer.com
Email: bill.sigler@kayescholer.com
Email: kevin.jakel@kayescholer.com

*Attorneys for Juniper Networks, Inc. and Juniper Networks (US), Inc.*

---

[10] *Id.*

[11] *See* Joint Discovery Plan at IV.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Joseph M. Vanek
Jeffrey R. Moran
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

  /s/Coke Morgan Stewart
Coke Morgan Stewart
Va. Bar. No. 41933
Attorney for Juniper Networks, Inc. and
Juniper Networks (US), Inc.
Kaye Scholer LLP
901 15th Street, N.W.
Washington, D.C. 20005
Phone: 202-682-3500
Fax: 202-682-3580
coke.stewart@kayescholer.com