IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



JUNIPER NETWORKS, INC.,

    Plaintiff,

   v.

GRAPHON CORPORATION and
VERTICAL MARKETING, INC.,

    Defendants.

Civil Case No. 1:09cv287 GBL/TRJ

GRAPHON CORPORATION, INC.,

    Counter-Plaintiff,

   v.

JUNIPER NETWORKS, INC.,

    Counter-Defendant.

GRAPHON CORPORATION, INC.,

    Third-Party Plaintiff,

   v.

JUNIPER NETWORKS (US), INC.,

    Third-Party Defendant.

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned litigation (the "Litigation") are each in the possession of confidential and highly confidential information and such information is being or may be sought in discovery;

WHEREAS, the parties agree that the production of information by each of them should take place subject to the provisions of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties believe that the entry of a confidentiality stipulation and protective order will help facilitate third party discovery and address third-parties' potential concerns about the confidentiality of their information; and

WHEREAS, the parties have reached agreement on the terms of this Confidentiality Stipulation and Protective Order ("Stipulation and Order"), subject to approval by the Court.

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties to the above-captioned Litigation that,

1.      This Stipulation and Order governs the use and handling of documents, testimony interrogatory responses, hearing transcripts and other information (other than information that is publicly known or available) designated as "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" (collectively the "Protected Litigation Material") by Plaintiff, Defendant, Counter-Plaintiff, Counter-Defendant, Third-Party Plaintiff, and Third-Party Defendant (individually a "Party" and collectively the "Parties") or by any third party to this litigation (any Party and any non-party producing Protected Litigation Material is referred to as a "Producing Party"), pursuant to the provisions herein.   This shall include all copies, excerpts, summaries, pleadings, declarations, affidavits, reports, briefs, motions, transcripts, other writings, or testimony given in any deposition or pre-trial hearing, which contains Protected Litigation Material.   The handling of Protected Litigation Material at trial will be the subject of a separate discussion between the Parties and the Court to take place prior to the commencement of trial.

2.     Protected Litigation Material shall be used and disclosed solely in connection with preparing for and conducting pre-trial, trial and appellate proceedings in this Litigation. Moreover, no attorney for either party, or for any law firm employed by either party, shall disclose or use any of the other party's "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" information produced in this case or reference such information produced in this case in connection with any other litigation. Each law firm representing any party to this litigation acknowledges and agrees that a condition of receiving any of the other party's "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" information is that any such information shall not be used or disclosed in connection with any other litigation, unless such information is obtained independently of this litigation and without reference to its production in this case.

3.     The Producing Party producing or disclosing Protected Litigation Material may designate it as either "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only."

a.     A Producing Party may designate Protected Litigation Material as "Confidential" if it comprises or includes confidential, proprietary and/or trade secrets or other confidential research, development or sensitive commercial information.

b.     A Producing Party may designate Protected Litigation Material as "Highly Confidential" if the Producing Party believes in good faith that the materials are extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of the Protected Litigation Material is likely to cause economic harm to the Producing Party. The parties agree that at least Protected Litigation Material in one or more of the following categories may qualify for the "Highly Confidential" designation: (i) non-public

technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public damage-related information (*e.g.*, the number of products sold, total dollar value of sales products, and profit margins); (iii) non-public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; and (vi) information obtained from a non-party pursuant to a current nondisclosure agreement.

c.    A Producing Party may designate Protected Litigation Material as "Highly Confidential — Outside Counsels' Eyes Only" if it comprises or includes confidential, proprietary and/or trade secret source code and associated design documents.  As used herein, the term "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, other translator or other data processing module.  The term "Object Code" means computer instructions and data definitions expressed in a form suitable for execution on a computer (a running program).  The term "Static analysis" means observation and understanding of a program by inspecting its Source Code without running it.  The term "Dynamic analysis" means observation and understanding of a program by inspecting and observing its Object Code as it runs.

4.    Where original documents are produced for inspection, the designation of "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" shall be permitted by group of documents; provided, however, that all documents or groups of documents produced may be produced as they are kept in the usual course of business. Once any such documents are selected for photocopying, however, the provisions of Paragraph 5 below shall govern.

5.     The Producing Party or its counsel may designate any documents or other tangible material as "Confidential" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Confidential" information.  The Producing Party or its counsel may designate any documents or other tangible material as "Highly Confidential" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation "HIGHLY CONFIDENTIAL" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Highly Confidential" information.  The Producing Party or its counsel may designate any documents or other tangible material as "Highly Confidential — Outside Counsels' Eyes Only" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Highly Confidential — Outside Counsels' Eyes Only" information.  If different copies of the same document are marked inconsistently as to the level of confidentiality, the Party that discovers such inconsistent marking shall immediately notify the other Party and/or the Producing Party, which shall then indicate in writing which level of confidentiality shall apply to the documents at issue.  Any disputes regarding these designations shall be resolved pursuant to Paragraph 29 of this Stipulation and Order.

6.     The Producing Party or its counsel may designate depositions or other testimony as "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" by the following means:

a.      stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is affected testimony, and the level of confidentiality shall also be stated on the record, either "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only"; or

b.      sending written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" within three (3) days after receipt of the transcripts, during which three (3) day period any such deposition or testimony shall be treated as "Highly Confidential — Outside Counsels' Eyes Only."

7.      Any transcript designated "Confidential," "Highly Confidential," or "Highly. Confidential — Outside Counsels' Eyes Only" shall be marked as including information that is "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only," respectively, and portions of any transcript so marked shall be given to or shown to only those persons who would otherwise be permitted to view such "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" material, respectively, pursuant to the terms of this Stipulation and Order.

8.      Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Confidential," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.      The attorneys, including in-house counsel, working on this action on behalf of any party, any paralegals and clerical employees of such attorneys, and any copying or

other clerical litigation support services working at the direction of any of such attorneys, paralegals or clerical employees;

b.      Any person not employed by a party who is specifically retained by any attorney described in Paragraph 8(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form attached hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, as provided in Paragraph 14;

c.      Court reporters, stenographers and videographers retained to record testimony taken in this action;

d.      The Court, jury, and court personnel;

e.      Graphics, translation, design and/or trial consulting services who have been retained by a Party and have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order;

f.      Any person scheduled to offer testimony in this case, subject to the restrictions found in Paragraph 29, and

g.      Any other person with the prior written consent of the Producing Party.

9.      Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Highly Confidential," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.      The outside attorneys working on this action on behalf of any party, any paralegals and clerical employees of such outside attorneys, and any copy or other clerical

litigation support services working at the direction of any of such outside attorneys, paralegals or clerical employees. As used herein, "outside attorneys" shall mean attorneys for the respective firms who have appearances entered in this case;

b.     Not more than two (2) in-house counsel who are directly responsible for this action and any paralegals and clerical employees of such attorneys; provided however, that each such in-house counsel has signed the acknowledgement form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, as provided in Paragraph 14;

c.     Any person not employed by a party who is expressly retained by any attorney described in Paragraphs 9(a) or 9(b) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form attached hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, as provided in Paragraph 14;

d.     Court reporters, stenographers and videographers retained to record testimony taken in this action;

e.     The Court, jury, and court personnel;

f.     Graphics, translation, design and/or trial consulting services, who have been retained by a Party and have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order;

g.     Any person scheduled to offer testimony in this case, subject to the restrictions in Paragraph 29; and

h.     Any other person with the prior written consent of the Producing Party.

8

10.     Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Highly Confidential — Outside Counsel's Eyes Only," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.     The outside attorneys working on this action on behalf of any party, any paralegals and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, paralegals or clerical employees;

b.     Any person not employed by a party who is expressly retained by any attorney described in Paragraph 10(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form attached hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, as provided in Paragraph 14;

c.     Court reporters, stenographers and videographers retained to record testimony taken in this action;

d.     The Court, jury, and court personnel;

e.     Graphics, translation, design and/or trial consulting services who have been retained by a Party and have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order;

f.     Any person scheduled to offer testimony in this case, subject to the restrictions found in Paragraph 29, hereof, and

g.     Any other person with the prior written consent of the Producing Party.

9

11.   Discovery Material designated as "Highly Confidential — Outside Counsels' Eyes Only" shall be subject to the following provisions:

a.   Any Source Code that is produced shall be produced in its entirety without redaction, alteration or deletion.  All comments related to the Source Code files, including any comments kept separately from the Source Code files, shall be produced.  The definition of "comments" includes "check-in comments," "revision comments," and other similar comments.

b.   Any Source Code that is produced shall be produced as copies of the source code files used by the Producing Party's programming personnel, in the regular course of business, in the same directory and file naming structure in which they are maintained by such programming personnel. Source Code processed into PDFs is not an acceptable form of production under this paragraph.

c.   The Producing Party will make the Source Code available for inspection at the offices of the Producing Party's counsel located in Washington, D.C.  Production of Source Code shall be made within fifteen (15) calendar days of entry of this Protective Order.  The Producing Party shall allow the Receiving Party to have access to the Source Code (i) from 8:30 a.m. to 8:00 p.m., Monday through Friday (excluding Federal holidays) upon notice provided no later than 5:00 p.m. the previous day, and (ii) after 8:00 p.m. Monday through Friday, or at other times on Saturday, Sunday or a Federal holiday, upon 24 hours prior notice of the need for such extended access time.

d.   The Receiving Party will provide 48 hours prior notice of who will attend initial inspection, and 24 hours prior notice for any individuals who join the inspection and were not previously identified.

e.      The Producing Party will provide at least three computers in a secure room equipped with hardware platforms, reviewing environments, and software to review and browse the Source Code for all versions of the accused products. For all versions of the accused products, the Producing Party will produce all source code files, headers, make files, project files, object files, and all other related files. Tools used by the Producing Party to develop and maintain its source code will be included in the production, including but not limited to, vi, grep and the awk file file processing system.

f.      The Producing Party will provide a local network of machines that are not connected to the Internet. The Computers will be situated in a secure area ("the Room"). The Computers will not have any external Internet access and all measures instituted by the Producing Party to ensure security of the Source Code will be respected by the Inspectors. The Computers will be attached to a local printer, but otherwise contain no operable network or electronic storage interfaces (e.g., no operable ethernet ports, no operable USB ports that could accept a thumb drive, and no removable mass storage devices such as CD or floppy drives).

g.      The Producing Party will make available to the Inspectors high speed Internet access in reasonable proximity to the Room.

h.      The Producing Party may have a representative outside of the secure room at all times and can take steps to ensure that the inspectors take only permitted copies of materials (described in 11(j)) out of the room, but the Producing Party is not entitled to have any representatives inside the secure room during the inspection.

i.      A list of the names of persons who may view the Source Code will be maintained at that location, and a log will be maintained of the names of the Inspectors who view

the Source Code and when each Inspector enters and departs. All costs associated with the Source Code production will be the responsibility of the Producing Party.

        j.     A printer will be provided by the Producing Party for use by the Receiving Party to print hard copies of Source Code ("Hard Copies"). The Receiving Party will be permitted to print up to 50 pages per day, and up to 1000 total pages. These printed pages may not be removed from the Room by the Inspectors; rather, the Inspectors will give the printed pages to the Producing Party, who will then create copies of the pages and affix to them the label "Highly Confidential – Outside Counsels' Eyes Only." The Producing Party will provide the Receiving Party's Inspectors with approved copy materials as soon as possible and no later than 1/2 hour after such copies are requested. Other than as permitted in Paragraph 11(l), the Receiving Party will not be permitted to make electronic copies of the Hard Copies, the Source Code, or any other data generated by or stored on the Computers. The printed pages shall constitute part of the Source Code produced by the Producing Party in this litigation.

        k.     The Receiving Party's outside counsel of record and designated consultant(s) shall maintain and store any Hard Copies of any portion of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

        l.     The Receiving Party may create an electronic copy or image of selected excerpts of the Source Code ("Source Code Excerpts") only when reasonably necessary to facilitate the Receiving Party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials (*e.g.*, memorandums, correspondence,

infringement charts); and to prepare other necessary case preparation materials, such as testifying expert reports, consulting expert written analyses and related drafts and correspondence. A single Source Code Excerpt shall not exceed 50 consecutive lines of Source Code. If multiple electronic Source Code Excerpts containing a total of 400 or more lines of Source Code are present on or in a single computer, database, storage device (*e.g.*, a USB thumb drive or CD-ROM), or electronic document (including an email message), such multiple Source Code Excerpts must be encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic versions of Source Code Excerpts shall at all times be limited to individuals who are authorized to see Highly Confidential — Outside Counsels' Eyes Only material under the provisions of this Protective Order. The Receiving Party shall maintain a log of all electronic copies of Source Code Excerpts in its possession or in the possession of its retained consultants, including the names of the recipients of any electronic copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "Highly Confidential — Outside Counsels' Eyes Only."

m. Two weeks in advance of trial of the case, the location at which Source Code is stored will be moved to a mutually agreeable location convenient to the United States District Court for the Eastern District of Virginia, Alexandria Division (if it has not already occurred under Paragraph 11(c)).

n. The provisions of Paragraph 11 and all subparagraphs may be altered at any time by agreement of the Parties. If the parties cannot agree on the production and review process for source code, either party can seek alteration of the protective order within 3 days.

o. Nothing in this paragraph 11 shall be read as prohibiting a party from running appropriate tests outside the Room at its own expense on commercial embodiments of

relevant products in this case (including software) to determine their manner of operation in practice (e.g., in a test network on the party's own premises).

13. Any person or entity receiving "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsel's Eyes Only" information agrees to destroy or return all such information at the conclusion of the litigation in accordance with Paragraph 32.

13. Before counsel for a Party may disclose any Protected Litigation Material designated "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" to a consultant or testimonial expert as described in paragraphs 8(b), 9(b), or 10(b) (hereafter referred to as a "Receiving Consultant"), counsel shall provide a copy of this Protective Order to the Receiving Consultant, who shall sign the acknowledgement form attached hereto as Exhibit A.

14. Counsel shall maintain the original(s) of all executed versions of Exhibit A. All executed versions of Exhibit A shall be treated as "Confidential" information under this Stipulation and Order. Before disclosure of Protected Litigation Materials is made to a Receiving Consultant, a copy of the Receiving Consultant's executed Exhibit A form shall be provided to the Producing Party, which shall have two (2) business days to object to access by the Receiving Consultant. The party desiring to disclose Protected Litigation Materials to the Receiving Consultant must provide the following information about the Receiving Consultant: name, address, curriculum vitae, current employer, employment history for the past four (4) years, and a list of cases in which the individual has testified as an expert at trial or by deposition, or worked as a consulting expert, within the preceding four (4) years. A party objecting to disclosure of Protected Information to a Receiving Consultant shall state with particularity the ground(s) of the objection and the specific categories of documents that are the

14

subject of the objection. The objecting party's consent to the disclosure of Protected Information to the Receiving Consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the Receiving Consultant poses an unreasonable risk of competitive or economic harm to that party. If after consideration of the objection, the party desiring to disclose the Protected Information to a Receiving Consultant refuses to withdraw the individual, that party shall provide notice to the objecting party, and may move the Court, within ten (10) days of providing such notice, for a ruling on the objection. A failure to file a motion within the ten (10) day period shall operate as an agreement not to disclose the Protected Information to the Receiving Consultant. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

15.    Any person obtaining information from Protected Litigation Material designated "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" may not divulge that information to anyone who would not be permitted to have the information under the provisions of this Stipulation and Order. Neither the Protected Litigation Material designated "Confidential," "Highly Confidential," or "Highly Confidential -- Outside Counsels' Eyes Only" nor the contents thereof shall be used for any business, commercial or competitive purposes whatsoever.

16.    Any person who is permitted to view Protected Litigation Material pursuant to this Stipulation and Order shall be required to read this Order and shall be apprised by counsel that he or she is bound by the terms hereof.

17.     The recipient of any Protected Litigation Material that is provided pursuant to this Stipulation and Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

18.     Nothing in this Stipulation and Order shall prevent any Producing Party from disclosing its own Protected Litigation Material produced by it, whether or not also produced by the other Party, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Stipulation and Order.

19.     The Parties shall confer at or before the time their objections to trial exhibits are due to be served on the opposing Party regarding the use of "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" Protected Litigation Material at trial and agree to present to the Court any disputes regarding the use of any exhibits containing "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" Protected Litigation Material at trial.

20.     Protected Litigation Material shall not be copied or reproduced for use in the Litigation except to the extent such copying or reproduction is reasonably necessary to the conduct of the Litigation, and such copies or reproductions shall be subject to the terms of this Stipulation and Order.  If the duplication process by which copies or reproductions of Protected Litigation Material are made does not preserve the confidentiality designations that appear in the original of the documents, all such copies or reproductions shall be designated in the manner set forth in Paragraph 5 above.  Nothing in this Paragraph shall be understood as permitting duplication or other disposition of Protected Litigation Material in a manner inconsistent with Paragraph 11.

21.     Complete or partial copies of Protected Litigation Material and summaries, digests, analyses, reports or other documents prepared from or containing Protected Litigation Material bearing the designations specified in Paragraph 5 above shall be treated as "Confidential," "Highly Confidential," or "Highly Confidential — "Outside Counsels' Eyes Only" Protected Litigation Material, as designated, under this Stipulation and Order.

22.     If Protected Litigation Material designated "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only," or quotations from or references to such material, are to be included in papers filed with or otherwise disclosed to the Court or in oral argument to the Court, such papers or the transcripts of such oral argument shall be filed with or disclosed to the Court pursuant to the provisions for filings under seal in accordance with the local rules for the Eastern District of Virginia. Unless the Court denies the request for sealed filing, such papers or transcripts shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Stipulation and Order.

23.     Inadvertent production of documents, things or information subject to confidentiality restrictions, the attorney client privilege or work-product immunity (despite the Producing Parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the confidentiality restriction, attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the Producing Party learns of its inadvertent production.

24.     Should any information designated "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only," any copies or summaries thereof or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this Stipulation and Order, then the Party

17

responsible for the unauthorized disclosure shall use reasonable efforts to obtain the return of such information and bind such person to the terms of this Stipulation and Order and shall (a) promptly provide such person a copy of this Stipulation and Order, (b) use reasonable efforts to cause such person to acknowledge in a written statement, in the form attached hereto as Exhibit A, that he or she has read the Stipulation and Order and agrees to be bound by the terms thereof, and provide such written statement to the Producing Party, and (c) identify such person immediately to the Producing Party.

25.    By this Stipulation and Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provision of this Stipulation and Order by application on notice on any grounds.

26.    Nothing herein shall be construed as limiting the Parties from using or disclosing any information that is in the public domain or that, subsequent to the disclosure, becomes part of the public domain other than by an act or violation of the terms of this Stipulation and Order. Nor shall this Stipulation and Order be construed as limiting the Parties from using or disclosing any information designated "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" that was acquired by means other than discovery in this Litigation, or from using or disclosing information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure, information independently derived by a Party without reference to any Protected Litigation Material, as evidenced by documentation, or information disclosed by a third party having the legal right to do so.

27.     If Protected Litigation Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party, the Producing Party shall within two (2) business days request permission from such third party to produce the requested Protected Litigation Material and shall provide a copy of this Protective Order to the third party. If the third party does not consent to production of the requested Protected Litigation Material, then the producing party shall promptly give notice to the Receiving Party of the third party's lack of consent, and the Receiving Party may make a motion to the Court for an order compelling production of the requested Protected Litigation Material. A Producing Party is not required to produce such Protected Litigation Material unless and until the third party provides consent or the Court issues an order compelling production of the requested Protected Litigation Material. A Producing Party producing Protected Litigation Material subject to a confidentiality obligation to a third party may designate the Protected Litigation Material as "Highly Confidential – Outside Counsels' Eyes Only." The handling of Protected Litigation Material subject to a confidentiality obligation to only a third party shall be governed according to the provisions of Exhibit B. Protected Litigation Material that is subject to confidentiality obligations to both the Producing Party and to a third party shall be handled according to both the provisions of Exhibit B and to the provisions of this Protective Order governing Protected Litigation Material subject to confidentiality obligations to the Producing Party.

28.     No person at the law firms of Vanek, Vickers & Masini, PC, or Watson Rounds shall be involved directly or indirectly in the prosecution of patent applications (including original, continuation, continuation-in-part, divisional, reexamination, reissue, interference, or other proceedings) in support of any claims from any patent in the patent families of the patents-in-suit and any patent claim covering any Accused Products and any other Juniper products that

incorporate, in whole or in part, the source code or other highly confidential technical information produced in this matter.

No person at the law firm of Troutman Sanders who reviews or otherwise learns in whole or part, any technical information or document designated as "Highly Confidential" or as "Highly Confidential – Outside Counsel's Eyes Only" by an opposing Producing Party shall be involved directly or indirectly in the prosecution of patent applications in support of any claims from any patent in the patent families of the patents-in-suit and any patent claim covering any Accused Products and any other Juniper products that incorporate, in whole or in part, the source code or other highly confidential technical information produced in this matter.

Direct or indirect involvement in the prosecution of such patent applications includes preparing, drafting, editing, or amending any documents related to prosecution of such patent applications, or advising regarding such documents, and discussing any claims from any patent in the patent families of the patents-in-suit and any Accused Products and any other Juniper products that incorporate, in whole or in part, the source code or other highly confidential technical information produced in this matter with any persons involved in the prosecution of such patent applications.

29.    If any Party to this Stipulation and Order objects to the designation of any Protected Litigation Material as "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only," the Party shall first state the objection in writing to the Producing Party. The Parties agree to confer in good faith within two (2) business days of such notice to resolve the dispute respecting the designation of Protected Litigation Materials under this Stipulation and Order.  If the Parties are unable to resolve such dispute, any Party may thereafter move to have this Court rule on the dispute over the designation.  In any dispute raised

with this Court, the Producing Party making the designation shall bear the burden of showing that the challenged designation was appropriate.  Until the Court rules on such dispute, the Protected Litigation Material in question shall continue to be treated as "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only" as designated.

30.   Counsel for any Party wishing to use Highly Confidential – Outside Counsels' Eyes Only material to examine persons (*e.g.*, in a deposition) who are not currently employed by the Producing Party or are members of the Producing Party, persons who were not employed by the Producing Party or were members of the Producing Party at the time the Material was created, or persons who did not create or receive such Material shall give reasonable notice to counsel for the Producing Party prior to showing such Material to the witness.  If the Producing Party objects to the use of the Highly Confidential Material at the examination, the document may not be introduced, and its contents may not be disclosed, without leave of Court.  Absent exceptional circumstances, the term "reasonable notice," as used in this paragraph, shall mean at least 24 hours prior to the start of the deposition.

31.   Individuals who receive Protected Litigation Material produced in the Litigation agree to subject themselves to the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division, for the purposes of enforcement of the Stipulation and Order.  The United States District Court for the Eastern District of Virginia, Alexandria Division, shall retain jurisdiction to enforce the Stipulation and Order even after termination of this Litigation.

32.   Within sixty (60) days of the conclusion of the Litigation, by judgment, appeal or otherwise, all Protected Litigation Material designated "Confidential," "Highly Confidential," or "Highly Confidential — Outside Counsels' Eyes Only," all copies, digests or summaries thereof,

and any other documents containing any such Protected Litigation Material, shall, at the option of the Producing Party, be returned to counsel for the Producing Party or destroyed, except that counsel may retain a single copy of each court filing, trial or hearing transcript and exhibit, provided said retained documents will continue to be treated as provided in this Stipulation and Order. If the Producing Party opts for the destruction of Protected Litigation Material, counsel for the Receiving Party shall certify as to the date, the method of destruction and the identification of such Protected Litigation Material, and transmit such certification to opposing counsel within seven (7) business days of the completion of destruction.

33.     The obligations and duties arising under this Stipulation and Order and under any acknowledgement or agreement pursuant thereto shall be effective upon execution by counsel and shall survive the termination of this action.

34.     In the event anyone shall violate or threaten to violate any terms of this Stipulation and Order, the Parties agree to confer in good faith within two (2) business days of the aggrieved Party gaining knowledge of the alleged violation or potential violation, to resolve such violation (or potential violation) of the terms of this Stipulation and Order. If the Parties are unable to resolve the dispute, the aggrieved Party may thereafter move the Court to obtain relief against any such person or entity.

35.     The Parties may modify the provisions of this Stipulation and Order at any time by written stipulation endorsed by the Court.

SO ORDERED in Chambers at _Alexandria_, Virginia, this _10th_ day of June, 2009.

Copies to:
Counsel of record _by ECF._

/s/Thomas Rawles Jones, Jr.

THOMAS RAWLES JONES, JR.
U.S. MAGISTRATE JUDGE
EASTERN DISTRICT OF VIRGINIA

22

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GRAPHON CORPORATION and<br>VERTICAL MARKETING, INC.,<br><br>        Defendants. | Civil Case No. 1:09cv287 GBL/TRJ |
| GRAPHON CORPORATION, INC.,<br><br>        Counter-Plaintiff,<br><br>    v.<br><br>JUNIPER NETWORKS, INC.,<br><br>        Counter-Defendant. | |
| GRAPHON CORPORATION, INC.,<br><br>        Third-Party Plaintiff,<br><br>    v.<br><br>JUNIPER NETWORKS (US), INC.,<br><br>        Third-Party Defendant. | |

## <u>CONFIDENTIALITY AGREEMENT</u>

I reside at _____.

1.    My present employer is _____.

2.    My present occupation or job description is _____.

1

3.     I have been engaged as _____ on

behalf of _____ in the preparation and conduct of

litigation captioned above, Civil Action No. 1:09cv287 GBL/TRJ.

4.     I have read and understand the terms and restrictions of the Confidentiality

Stipulation and Protective Order entered in this action by the United States District Court for the

Eastern District of Virginia, Alexandria Division, in the above-captioned action (the "Stipulation

and Order"). I understand the provisions of the Stipulation and Order, and I understand the

responsibilities and obligations the Stipulation and Order imposes on persons viewing the

litigation material which is subject to the Stipulation and Order (the "Protected Litigation

Material"). I understand that any violation of the terms of the Stipulation and Order may

constitute contempt of a court order.

5.     In accordance with the Stipulation and Order, so as to permit me to view the

Protected Litigation Material, or produce the Protected Litigation Material, which is subject to

the Stipulation and Order, I hereby agree to be bound by all of its provisions and terms, and I

hereby submit to the jurisdiction of the United States District Court for the Eastern District of

Virginia, Alexandria Division for the purposes of enforcement of the Stipulation and Order.

6.     I understand that I am to retain all copies of any documents designated as

"Confidential," "Highly Confidential," and/or "Highly Confidential – Source Code" information

in a secure manner, and that all copies are to remain in my personal custody until I have

completed my assigned duties, whereupon the copies and any writings prepared by me

containing any "Confidential," "Highly Confidential," and/or "Highly Confidential – Source

Code" information are to be returned to counsel who provided me with such material.

7.      I will not divulge to persons other than those specifically authorized by the Stipulation and Order, and will not copy or use except solely for the purpose of this litigation any information obtained pursuant to the Stipulation and Order, except as provided in the Stipulation and Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Stipulation and Order.

8.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____          By:     _____


                                        Name: _____
                                        Title:  _____

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>GRAPHON CORPORATION and<br>VERTICAL MARKETING, INC.,<br><br>       Defendants. | Civil Case No. 1:09cv287 GBL/TRJ |

GRAPHON CORPORATION, INC.,

       Counter-Plaintiff,

   v.

JUNIPER NETWORKS, INC.,

       Counter-Defendant.

GRAPHON CORPORATION, INC.,

       Third-Party Plaintiff,

   v.

JUNIPER NETWORKS (US), INC.,

       Third-Party Defendant.

## TREATMENT OF PROTECTED LITIGATION MATERIAL SUBJECT TO A
## CONFIDENITALITY OBLIGATION OF A THIRD PARTY

1.     Absent written consent from the Third Party, or unless otherwise directed by the Court, Protected Litigation Material subject to a confidentiality obligation to a third party designated "Highly Confidential" any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.      The outside attorneys working on this Litigation on behalf of any Party, the legal and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, or their legal or clerical employees; wherein such attorney acts in a legal capacity for that Receiving Party and is responsible for and/or works directly in the prosecution or defense of this Litigation;

b.      Any person not employed by a party who is expressly retained by any attorney described in Paragraph 1(a) of Exhibit B to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that: (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order, and (ii) such person is not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984), on behalf of a party or competitor of the third party;

c.      Court reporters, stenographers and videographers retained to record testimony or argument at hearing, trial, or deposition in this Litigation or any appeal therefrom;

d.      The Court, its technical advisor (if one is appointed), jurors, and court personnel;

e.      Graphics, translation, design and/or trial consulting services who have been retained by a Party and have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order;

f.      Data processing vendors, photocopy, document imaging and database services, and consultants who have been retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such

2

databases and have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order; and

g.      Any other person with the prior written consent of the Third Party.

2.      Absent written consent from the Third Party, or unless otherwise directed by the Court, Protected Litigation Material subject to a confidentiality obligation to a third party designated "Highly Confidential — Outside Counsels' Eyes Only", any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.      The outside attorneys working on this Litigation on behalf of any Party, the legal and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, or their legal or clerical employees; wherein such attorney acts in a legal capacity for that Receiving Party and is responsible for and/or works directly in the prosecution or defense of this Litigation;

b.      Any person not employed by a party who is expressly retained by any attorney described in Paragraph 2(a) of Exhibit B to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that: (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Stipulation and Order, and (ii) such person is not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cit. 1984), on behalf of a party or competitor of the third party;

c.      Court reporters, stenographers and videographers retained to record testimony or argument at hearing, trial, or deposition in this Litigation or any appeal therefrom;

        d.     The Court, its technical advisor (if one is appointed), jurors, and court personnel; and

        e.     Any other person with the prior written consent of the Third Party.

     3.     Protected Litigation Material subject to a confidentiality obligation to a third party and designated as "Highly Confidential" or "Highly Confidential — Outside Counsels' Eyes Only" shall be treated the same during court proceedings, including but not limited to trial, as it is during discovery.

     4.     Any person or entity receiving Protected Litigation Material subject to a confidentiality obligation to a third party and designated as "Highly Confidential" or "Highly Confidential — Outside Counsels' Eyes Only" agrees to return all such information within sixty (60) days of the conclusion of the litigation.