IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUNIPER NETWORKS, INC.,

    Plaintiff,

  v.

GRAPHON CORPORATION and
VERTICAL MARKETING, INC.,

    Defendants.

Civil Case No. 1:09cv287 GBL/TRJ

**JUNIPER NETWORKS, INC.'S REBUTTAL IN SUPPORT OF ITS MOTION TO COMPEL GRAPHON CORPORATION TO PRODUCE SOURCE CODE AND <u>RELATED FILES IN COMPLIANCE WITH THE PROTECTIVE ORDER</u>**

As of the filing of this Rebuttal, GraphOn's source code production still does not comply with the protective order. Specifically, GraphOn has not provided:

- properly configured source code,
- all of the software necessary to review files produced along with the source code, and
- a testing environment whereby Juniper may run GraphOn's software.

Because of the deficiencies in GraphOn's production, Juniper cannot effectively review GraphOn's source code, and respectfully requests that its Motion to Compel be granted.

**ARGUMENT**

    **1.**    **GraphOn's Source Code Production Remains Inadequate**

GraphOn still has not properly configured the CVS repository containing GraphOn's source code, making it exceedingly difficult for Juniper to review the source code and impossible for Juniper to tell which source code files belong to which version of software.[1] In its Opposition, GraphOn states only that it has produced its source code "as it is used in the regular

course of business."[2]  For this statement, GraphOn relies upon the declaration of Mr. Tidd, which claims only that "GraphOn produced its source code in the same form in which GraphOn's programming personnel maintain it in the regular course of business."[3]  Contrary to GraphOn's assertion, the produced source code cannot have been produced as it is maintained in the regular course of business because the source code is not configured such that it may be examined it as a GraphOn programmer would be able to.[4]  Juniper's consultant, Clay Shields, explains in his declaration (attached as exhibit 6) how the manner of GraphOn's production renders it difficult to review the code generally, and prevents him from identifying which source code files belong to which version of GraphOn's software.[5]  As a result of these deficiencies, Juniper cannot effectively review GraphOn's source code.

### 2. Juniper Remains Unable to Review Certain Files

Juniper asked GraphOn to provide a .pdf reader and Visio software so that Juniper could review numerous files GraphOn produced along with its source code.  GraphOn has provided a .pdf reader, but still has not provided Visio software such that Juniper may review the multiple Visio files produced along with GraphOn's source code.

In its Opposition, GraphOn states that it has provided the tools it used to "develop and maintain its source code."[6]  This is beside the point.  GraphOn must provide the proper software for Juniper to review and browse the source code and related files.[7]  GraphOn "agrees that

---

[1] *See* Juniper Mot. at 3.

[2] *See* GraphOn Opp'n at 8.

[3] *See* Ex. D to GraphOn's Opp'n ¶ 3.

[4] Ex. 6, Decl. of Clay Shields ¶¶ 3-5.

[5] *Id.*

[6] *See* GraphOn Opp'n at 8.

[7] *See* Juniper Mot. at 3.

Juniper's request for additional software to review these related files is reasonable."[8]  Indeed, GraphOn provided the .pdf reader Juniper requested in its Motion after Juniper filed its Motion.[9]

### 3.      GraphOn Has Failed to Provide a Testing Environment

GraphOn does not dispute that it has failed to provide a network testing environment enabling Juniper to run GraphOn's software for the accused product.  Instead, GraphOn argues in its Opposition that the "Court made it emphatically clear to the parties that the source code files should not be produced such that they can be compiled."[10]  Juniper does not seek to compile GraphOn's source code files.  Rather, Juniper seeks a network testing environment so that it can run GraphOn's software.  This simply would require GraphOn to place copies of the accused software on the computers already provided.

However, as Juniper stated in its Motion to Compel, Juniper is willing to forego requiring GraphOn to provide such a network if GraphOn would agree to give Juniper an executable copy of each version of GraphOn's publicly available software.  Juniper's offer is reasonable given that GraphOn, before its infringement counterclaim was dismissed, had requested that Juniper produce representative samples of accused Juniper products.[11]  GraphOn has not agreed to provide an executable copy of each version of GraphOn's publicly available software.

### 4.      Juniper Satisfied the Meet and Confer Obligation and Continues to Confer in Good Faith

Before filing its motion, counsel for Juniper attempted to meet and confer with counsel for GraphOn in a good faith effort to narrow the issues of disagreement, pursuant to Local Rule

---

[8] GraphOn Opp'n at 8.

[9] GraphOn, however, did not inform Juniper that it had installed the .pdf reader until it filed its Opposition.  Juniper learned this information from Mr. Shield's continued review of the produced source code.

[10] *Id.* at 9.

[11] Ex. 7, GraphOn's First Set of Requests for Production at 17.

7(e). Juniper's attempts began on June 26, 2009, the day after GraphOn produced its source code, when Juniper requested that GraphOn certify that it had produced its source code in compliance with the protective order. After receiving no response to this request, on July 1, 2009, Juniper again asked GraphOn to certify that its source code production complied with the protective order. On July 7, 2009, GraphOn's counsel, via email to Juniper's counsel, stated that GraphOn had "produced its source code in compliance with the Protective Order." On July 8, 2009, Juniper's technical expert began reviewing GraphOn's source code and found numerous deficiencies with GraphOn's production. Juniper notified GraphOn of these deficiencies before filing its Motion, but GraphOn refused to confer or to agree to rectify the problems.

To the extent that the Court has any concerns regarding Juniper's compliance with its meet and confer obligation, Juniper attaches hereto, as exhibit 8, a record of the parties' communications regarding the deficiencies in GraphOn's source code production. These communications confirm that, beginning on June 26, 2009 and through the filing of the instant motion, counsel for Juniper attempted to meet and confer with counsel for GraphOn in a good faith effort to narrow the issues of disagreement. In addition, these communications show that even after filing the Motion, counsel for Juniper continued to attempt to engage counsel for GraphOn in negotiations intended to avoid having the Court resolve the parties' dispute and received no substantive response from GraphOn until *after* GraphOn filed its Opposition. For example:

- On Monday, June 13, 2009, counsel for Juniper emailed counsel for GraphOn to inquire as to whether GraphOn had "taken steps to rectify the deficiencies in its source code production and, if it ha[d] not, whether it intend[ed] to and when."

- On Tuesday, July 14, 2009, counsel for Juniper again requested clarification as to when and if GraphOn would rectify the deficiencies.

- On Wednesday, July 15, 2009, counsel for Juniper again sought a response from GraphOn, and notified GraphOn that Juniper's consultant was standing by waiting

       to review the source code. Later that same day, counsel for Juniper informed counsel for GraphOn that he was available for a call regarding the deficiencies in its source code production at any time that day.

- Once more on July 15, 2009, Juniper requested a call with counsel for GraphOn to "work toward resolving the issues with GraphOn's production."

Despite Juniper's multiple attempts to engage GraphOn, GraphOn failed to respond to Juniper's inquiry as to when and if it would rectify the identified problems with its source code production until today, July 16, 2009, after the filing of its Opposition brief. At one point, on July 15, 2009, counsel for GraphOn informed counsel for Juniper that he was too busy to speak about the issues because he was drafting GraphOn's Opposition.[12]

On pages 6 and 7 of its Opposition, GraphOn recounts the efforts it has undertaken to resolve the issues with its source code production. While these efforts appear aimed to resolve the deficiencies (although they have not), for some reason unbeknownst to Juniper, GraphOn refused to disclose to Juniper that it had undertaken these efforts, despite Juniper's multiple requests on July 10, 13 and 14 for clarification as to when and if GraphOn would rectify the deficiencies in its source code production.

## CONCLUSION

Because GraphOn's source code production still does not comply with the protective order, Juniper respectfully requests that the Court issue an order compelling GraphOn to produce its source code in accordance with the protective order entered in this case and its discovery obligations under Federal Rules 26 and 34.

---

[12] *See* Ex. 8 at July 15, 2009 Email from J. Moran to B. Sigler.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  |   /s/Coke Morgan Stewart |
| Date: July 16, 2009 | Alan M. Fisch *(pro hac vice)* |
|  | Coke Morgan Stewart *(Va. Bar No. 41933)* |
|  | R. William Sigler *(Va. Bar No. 65940)* |
|  | Kevin W. Jakel *(pro hac vice)* |
|  | KAYE SCHOLER LLP |
|  | The McPherson Building |
|  | 901 Fifteenth Street, NW |
|  | Washington, DC 20005-2327 |
|  | Phone: 202-682-3500 |
|  | Fax: 202-682-3580 |
|  | Email: alan.fisch@kayescholer.com |
|  | Email: coke.stewart@kayescholer.com |
|  | Email: bill.sigler@kayescholer.com |
|  | Email: kevin.jakel@kayescholer.com |
|  |  |
|  | *Attorneys for Juniper Networks, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Joseph M. Vanek
Jeffrey R. Moran
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Elisabeth Virginia Bechtold
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

    /s/Coke Morgan Stewart
Coke Morgan Stewart
Va. Bar. No. 41933
Attorney for Juniper Networks, Inc.
KAYE SCHOLER LLP
901 Fifteenth Street, NW
Washington, DC 20005
Phone: 202-682-3500
Fax: 202-682-3580
coke.stewart@kayescholer.com