IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUNIPER NETWORKS, INC.,

    Plaintiff,

  v.

GRAPHON CORPORATION and
VERTICAL MARKETING, INC.,

    Defendants.

Civil Case No. 1:09cv287 GBL/TRJ

**JUNIPER NETWORKS, INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO COMPEL GRAPHON CORPORATION TO
<u>PRODUCE TECHNICAL DOCUMENTS FROM ITS SOURCE CODE REPOSITORY</u>**

Although GraphOn's document production was due over a month ago, Juniper is still without the vast majority of GraphOn's technical documents describing how the accused products work. Juniper has engaged in numerous written and verbal communications with GraphOn regarding its deficient production, and Juniper has provided GraphOn ample opportunities to supplement it, but, to date, GraphOn has produced only *36 pages* of technical documents. After initially denying that it had any additional non-public technical documents regarding the accused products, GraphOn informed Juniper yesterday that it possesses over *32,000 pages* of potentially responsive technical documents that it has not yet produced. The existence of this technical data was fortuitously discovered when Juniper's technical expert was reviewing GraphOn source code.

Pursuant to Federal Rule of Civil Procedure and Local Rule 37(a), Juniper respectfully requests that the Court issue an order compelling GraphOn to produce by a date certain responsive technical documents stored on its source code computer in the manner required by the Amended Joint Discovery Plan. Juniper also requests that the Court order GraphOn to certify the completion of its technical document production once it has produced the documents from its source code computer. Finally, Juniper respectfully requests that the Court order GraphOn to

pay Juniper's reasonable expenses incurred with filing the instant motion, including attorneys' fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and Local Rule 37(H).

## BACKGROUND

On May 18, 2009, Juniper issued its First Set of Document Requests to GraphOn. Among these 29 Requests, Juniper sought technical documents from GraphOn, including the following:

> **Request for Production No. 2:** All documents that describe the functionality, operation, design, development, architecture, implementation, data flow, algorithms, testing, and capabilities for each Accused Product . . . , including software requirements, specifications, design documents, flow diagrams, user manuals, product brochures, administrative guides, data structure descriptions, and other user instructions.
>
> **Request for Production No. 3:** All documents describing any revisions, enhancements, alterations, or other changes that have been made to any Accused Products . . . .[1]

On June 24, 2009, GraphOn produced approximately *35 documents total* in response to Juniper's First Set of Document Requests.[2]  Of those 35 documents, only *36 pages* related to the technical operation of the accused products.

On June 26, 2009, Juniper informed GraphOn that its production was deficient.[3]  Among other deficiencies, Juniper noted that it had found several publicly available technical documents that GraphOn failed to produce from GraphOn's own website.[4]  Juniper also questioned whether there were any additional non-public technical documents in the production.[5]

---

[1]  Ex. 1, Juniper's First Set of Document Requests to GraphOn at 7.

[2]  Ex. 2, June 26, 2009 B. Sigler Letter to M. Barnard ("the vast majority of documents that GraphOn produced relate to GraphOn's counterclaim patents, which, as of the date of the production, were no longer relevant to this case").  Juniper asked GraphOn to remove those documents from its production, but GraphOn refused.  Ex. 3, July 21, 2009 M. Barnard Letter to B. Sigler.

[3]  Ex. 2, June 26, 2009 Letter from B. Sigler to M. Barnard.

[4]  *Id.* GraphOn has since agreed to produce publicly available documents responsive to Juniper's document requests.  Of course, these documents should have been produced to Juniper over a month ago.

[5]  *Id.*

On July 1, 2009, after failing to receive a response from GraphOn, Juniper followed up with another letter requesting that GraphOn indicate whether it would "produce all documents describing the technical operation and functionality of the accused products."[6] That same day, GraphOn denied that it had any additional technical documents:

> *As to the claim that GraphOn possesses non-public technical documents, this is nothing more than an assumption on Juniper's part.  GraphOn does not believe that it has any such documents as described* [such as developer or programmer notes, internal development or version-status reports, and software feature decision matrixes or development documents] other than the documents it has already produced to Juniper.  *While it may be customary for Juniper to use these types of documents with its products, Juniper should not assume every company operates as its does.* [7]

On July 7, 2009, counsel for Juniper and GraphOn conducted a telephonic meet and confer regarding the parties' document productions.  During the call, counsel for Juniper noted the lack of technical documents from GraphOn, and counsel for GraphOn agreed to seek further documents.  After the call, the parties continued to correspond electronically, and although counsel for GraphOn noted that it was "in the process of supplementing the discovery responses," no such supplementation occurred.[8]

On July 15, 2009, Juniper again asked GraphOn to indicate when it would "produce documents evidencing the functionality and operation of the accused products."[9]  On July 16, 2009, Juniper repeated its question to GraphOn as to when it "intend[ed] to supplement its production of documents evidencing the operation and functionality of the accused GraphOn products."[10]

On July 16, 2009, counsel for Juniper informed GraphOn that through its expert's review of GraphOn's source code production, Juniper learned of additional technical GraphOn

---

[6] Ex. 4, July 1, 2009 Letter from B. Sigler to M. Barnard.

[7] Ex. 5, July 1, 2009 Letter from M. Barnard to B. Sigler (emphasis added).

[8] Ex. 6, July 15, 2009 Email from M. Barnard to B. Sigler.

[9] Ex. 6, July 15, 2009 Email from B. Sigler to M. Barnard.

[10] Ex. 6, July 16, 2009 Email from B. Sigler to M. Barnard.

documents on its source code computer that had not been produced.[11]  Finally, on July 21, 2009, almost a month after GraphOn's document production was due, GraphOn acknowledged for the first time that "additional documents concerning the functionality and operation of the accused GraphOn products" were contained on the repositories housing GraphOn's source code.[12]

On July 23, 2009, the parties conducted another meet and confer to narrow the area of dispute regarding the parties' document productions.  During that call, counsel for GraphOn informed Juniper that there were over *32,000 pages* of potentially responsive technical documents in GraphOn's source code repository that had not been reviewed or produced.  As of today, July 24, 2009, GraphOn has refused to produce responsive technical documents from the repository by a date certain and in the manner required by the Amended Joint Discovery Plan.[13]

### ARGUMENT

**1.    GraphOn's Production of Technical Documents is Deficient and Delinquent**

Among the 29 document requests contained in Juniper's first set of discovery, Juniper requested basic—and critical—technical documents from GraphOn including documents describing the functionality, operation, design, architecture, implementation, and testing of the accused products, as well as documents describing any revisions, enhancements, alterations, or other changes made to the accused products.[14]  These documents are essential for Juniper to understand and evaluate how GraphOn's products work, and are necessary for Juniper to complete its infringement analysis.  In response to Juniper's request for technical documents, GraphOn provided only *36 pages* of purportedly technical data, and failed to provide technical documents available on its own website.[15]

---

[11] *Id.*

[12] Ex. 3, July 21, 2009 Letter from M. Barnard to B. Sigler.

[13] Ex. 7, July 24, 2009 Letter from M. Barnard to B. Sigler.

[14] Ex. 1, Juniper's First Set of Document Requests to GraphOn at 7.

[15] Ex. 8, GraphOn's Response to Juniper's First Set of Document Requests at 5-8.

Suspecting that GraphOn's technical document production was grossly incomplete, Juniper immediately followed up with GraphOn.[16] In response, GraphOn denied that it had any additional, non-public technical documents.[17] GraphOn's assurances that it did not have additional technical documents, however, were contradicted when Juniper's own technical expert, while reviewing GraphOn's source code at the offices of GraphOn's local counsel, found numerous additional GraphOn technical documents on the source code computer.[18] Only after Juniper's technical expert identified the existence of these documents did GraphOn acknowledge that its production was insufficient.[19] However, rather than begin to produce these documents even on a rolling basis, GraphOn requested that Juniper inform GraphOn how it wanted the documents to be produced.[20] Juniper informed GraphOn that it wanted the document produced as required by the joint discovery plan and produced by July 23, 2009.[21] GraphOn did not comply with this request.

On July 23, 2009, GraphOn informed Juniper for the first time that the technical documents consisted of *32,000 pages* of potentially responsive material. Despite this, GraphOn will not agree to produce *responsive* documents in the manner provided by the parties' Amended Joint Discovery Plan by a date certain.[22] GraphOn has suggested that Juniper will be required to

---

[16] Ex. 2, June 26, 2009 B. Sigler Letter to M. Barnard.

[17] Ex. 5, July 1, 2009 M. Barnard Letter to B. Sigler.

[18] July 16, 2009 Email from B. Sigler to M. Barnard ("I note that through its expert's review of GraphOn's source code, Juniper has become aware of the existence of additional GraphOn technical documents that have not been produced.")

[19] Ex. 3, July 21, 2009 M. Barnard Letter to Sigler.

[20] *Id.* ("Although GraphOn is not required to produce the documents in another form, GraphOn is willing to work with Juniper to find a way to produce these documents in hard copy. However, the parties will need to confer on the manner in which the documents are produced.")

[21] *Id.*

[22] Ex. 7, July 24, 2009 Letter from M. Barnard to B. Sigler.

review all 32,000 pages to identify which documents do and do note relate to the Accused Products.[23]

In sum, GraphOn failed to produce technical documents as requested by Juniper, and then denied even having additional technical documents. It was only when Juniper found evidence of the documents itself that GraphOn acknowledged their existence. Then, rather than immediately begin producing the documents as requested, GraphOn concealed the volume of potentially responsive documents and attempted to put the onus on Juniper to explain how it wanted the documents to be produced. Finally, when Juniper discovered the volume of potentially responsive documents, GraphOn refused to provide a date certain when responsive documents would be produced and failed to agree to produce them as required by the Amended Joint Discovery Plan.

GraphOn's denial of the existence of these technical documents and then its failure to produce them in a timely manner has prevented and continues to prevent Juniper from completing its infringement analysis, preparing for depositions (the first of which is in approximately four weeks), and preparing expert reports (due in approximately eight weeks). For this reason, Juniper respectfully requests an order from the Court compelling GraphOn to produce the responsive technical documents by a date certain, August 3, 2009, and in the manner required by the Amended Discovery Plan.

Juniper also respectfully requests that, once the production of the documents from GraphOn's source code computers is completed, the Court order counsel for GraphOn to certify that its technical document production (documents responsive to Juniper's Document Request Nos. 2 and 3) is complete. This certification is necessary because counsel for GraphOn has engaged in a pattern of denying deficiencies in its document production until *Juniper* obtains evidence of those deficiencies.

---

[23] *Id.; see also* Ex. 10, July 24, 2009 Email from B. Sigler to M. Barnard.

### 2.     Juniper Seeks the Attorney's Fees It Incurred in Making This Motion to Compel

Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37(D) authorize the Court's award of sanctions for failure to cooperate in discovery.[24] Specifically, under Fed. R. Civ. P. 37(a)(5)(A), "a court 'must' award the party prevailing on a motion to compel its reasonable expenses, including attorney fees," with limited exceptions.[25] In other words, "'[a] rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved.'"[26]

Here, GraphOn should be ordered to pay Juniper's reasonable expenses incurred in making this motion, including attorney's fees. Juniper engaged in multiple written communications and conferences with GraphOn in an attempt to cure the issues with GraphOn's technical document production, including:

- On June 26, 2009, when Juniper told GraphOn that it must "possess non-public technical documents responsive to Juniper's requests";[27]

- On July 1, 2009, when Juniper reiterated its request that GraphOn state whether it would "produce all documents describing the technical operation and functionality of the accused products";[28]

- On July 15, 2009, when Juniper asked GraphOn when it would "produce documents evidencing the functionality and operation of the accused products";[29]

---

[24] *Wu v. Tseng, BHP*, Civ. No. 2:06-cv-580, 2008 WL 4360990, at *3-*4 (E.D. Va. Sept. 22, 2008) (Morgan, J.).

[25] *Calkins v. Pacel Corp.*, Case No. 3:07cv00025, 2008 U.S. Dist. LEXIS 58128, at *18 (W.D. Va. July 22, 2008). *See also* Fed R. Civ. P. 37(a)(5)(A) (if a motion for an order compelling disclosure or discovery is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). The limited exceptions precluding sanctions under this Rule include if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

[26] *Calkin v. Pacel Corp.*, Case No. 3:07cv00025, 2008 U.S. Dist. LEXIS 2258, at *8-*9 (W.D. Va. Jan. 11, 2008) (citation omitted).

[27] Ex. 2, June 26, 2009 B. Sigler Letter to Barnard.

[28] Ex. 4, July 1, 2009 B. Sigler Letter to M. Barnard.

- On July 16, 2009, when Juniper asked GraphOn when it "intend[ed] to supplement its production of documents evidencing the operation and functionality of the accused GraphOn products" and informed GraphOn that Juniper's expert found operational documents on GraphOn's source code computer that had not been produced;[30] and

- On July 21, 2009, when Juniper demanded production of technical documents apparently stored on GraphOn's source code repository.[31]

In spite of all of Juniper's efforts, however, GraphOn has failed to produce technical documents even though it had responsive documents sitting on its source code computer all along—documents that Juniper never would have known about but for its own expert's review of GraphOn's source code. GraphOn will not agree to produce *responsive* documents from the source code computer in the manner provided by the parties' Amended Joint Discovery Plan by a date certain.

Unfortunately, GraphOn's pattern of conduct with regard to discovery is becoming clear: Juniper makes requests, GraphOn denies it has any information or additional information, Juniper insists it must or finds out on its own that GraphOn does, and then Juniper is forced to move the Court for relief. This is precisely what occurred regarding the production of source code, where GraphOn claimed its production of source code was proper and only agreed to correct the production after Juniper filed a motion to compel. (*See* Docket Nos. 58, 59, and 63.) Given that GraphOn has only produced less than *50 documents total* in response to 34 document requests and has repeatedly claimed that it has no documents responsive to numerous basic document requests,[32] Juniper fears that it will be before the Court again, next time regarding deficiencies in GraphOn's production of *non-technical* documents.

---

[29] Ex. 6, July 15, 2009 Email from B. Sigler to M. Barnard.

[30] Ex. 6, July 16, 2009 Email from B. Sigler to M. Barnard.

[31] Ex. 9, July 21, 2009 B. Sigler Letter to M. Barnard.

[32] Ex. 8, GraphOn's Response to Juniper's First Set of Requests for Production of Documents at 7-13, 16-18, 20, 24.

For all of these reasons, Juniper respectfully requests that GraphOn be required to pay Juniper's expenses in making this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

Because GraphOn has not produced technical documents necessary for Juniper to prepare its infringement analysis, and because GraphOn will not provide a date certain when it will produce such responsive documents, Juniper respectfully requests that the Court issue an order compelling GraphOn to produce the responsive technical documents stored in GraphOn's source code repository by a date certain and in the manner required by the Amended Joint Discovery Plan.  Juniper also respectfully requests that the Court order GraphOn to certify the completion of its technical document production after producing these documents.  Finally, Juniper respectfully requests that GraphOn be required to pay Juniper's expenses in making this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

Date: July 24, 2009

   /s/ Coke Morgan Stewart
Alan M. Fisch *(pro hac vice)*
Coke Morgan Stewart *(Va. Bar No. 41933)*
R. William Sigler *(Va. Bar No. 65940)*
Kevin W. Jakel *(pro hac vice)*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Phone: 202-682-3500
Fax: 202-682-3580
Email: alan.fisch@kayescholer.com
Email: coke.stewart@kayescholer.com
Email: bill.sigler@kayescholer.com
Email: kevin.jakel@kayescholer.com

*Attorneys for Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Joseph M. Vanek
Jeffrey R. Moran
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Elisabeth Virginia Bechtold
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

       /s/ Coke Morgan Stewart
Coke Morgan Stewart
Va. Bar. No. 41933
Attorney for Juniper Networks, Inc.
KAYE SCHOLER LLP
901 Fifteenth Street, NW
Washington, DC 20005
Phone: 202-682-3500
Fax: 202-682-3580
coke.stewart@kayescholer.com