IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:09cv287  GBL/TRJ |
| § | |
| GRAPHON CORPORATION and § | |
| VERTICAL MARKETING, INC., § | |
| § | |
| Defendants. § | |

**GRAPHON'S OPPOSITION TO JUNIPER NETWORKS INC.'S MOTION TO COMPELTECHNICAL DOCUMENTS FROM GRAPHON'S SOURCE CODE RESPOSITORY**

**<u>INTRODUCTION</u>**

Juniper's Motion to Compel is chock-full of factual misrepresentations and fails to comply with Local Rules 7 (E) and 37 (E).  It must therefore be denied.

*First,* GraphOn produced to Juniper the documents it is seeking to compel no later than June 25, 2009, in its source code repository that was produced for inspection concurrently with its source code production.  Juniper's counsel first chose to access the documents on June 26, 2009.  The source code repository contains a massive amount of technical documents related to GraphOn's Go-Global product that are responsive to Juniper's overbroad Request Nos. 2 and 3.  Juniper's reference to the production of 36 pages of technical documents and the implication that GraphOn is hiding the ball could not be further from the truth.

*Second,* Juniper first notified GraphOn that its expert had reviewed the source code repository documents on July 16, 2009, attaching a GraphOn implementation guide

1

in the process. GraphOn advised Juniper that it had complied with the Federal Rule 34(e) in its production, but was willing to work with Juniper to resolve any further issues that it had. After several exchanges, the parties reached an agreement on July 23, 2009, that GraphOn would produce all documents in the source code repository in TIFF format as described in the Amended Discovery Order. This was an expensive and burdensome agreement for GraphOn to make, yet Juniper went back on its word the very next day. On July 24, the day after making an express agreement to the contrary, Juniper demanded that GraphOn sift through every document in the source code repository, discard unresponsive ones and produce all documents in TIFF format by July 29, 2009, just three business days later. Without even waiting for a response from GraphOn, Juniper filed the present Motion to Compel within 90 minutes of its demand.

*Third,* the evidence of Juniper's bad faith is everywhere. The record reveals that GraphOn has worked with Juniper at every stage to provide massive and far-reaching responsive discovery. This case will be decided on the source code, not outdated product manuals, flow charts or immaterial revisions, yet Juniper has insisted and GraphOn has agreed to produce massive amounts of information that will have no bearing on the ultimate outcome. On the other hand, Juniper has not sought to "confer to decrease, in every way possible the filing of unnecessary discovery motions" but has rather sought to breach express agreements, raise petty issues and drive discovery litigation costs up at every turn. In its haste to file the present Motion, Juniper even conveniently forgot to include a meet and confer certificate from any counsel, requiring denial of the Motion on its very face.

The time has come to put a stop to Juniper's conduct. The present Motion must be denied and sanctions awarded to GraphOn pursuant to Local Rule 37(G).

## FACTUAL BACKGROUND RELEVANT TO MOTION

Juniper provided a few of the background facts for the events leading up to its current Motion to Compel. However, some of the facts presented are not entirely accurate or omit further relevant detail. A thorough history of the background facts can be found in the Declaration of Melissa P. Barnard, attached to this Opposition and incorporated herein by reference. However, the following facts dispute or further clarify the facts as presented by Juniper:

1. **Production of Initial Disclosure Documents:** Juniper's counsel implies that GraphOn produced numerous irrelevant documents related to the severed counterclaim patents with its responses. *Motion, p. 2, n. 2.* However, during the first meet and confer held on July 7, 2009, GraphOn's counsel informed Juniper's counsel that the documents he claimed as irrelevant to the responses actually were the Initial Disclosure documents that were prepared prior to the counterclaim being severed. *Declaration of Melissa Barnard attached hereto as Exhibit 1 and incorporated herein by reference*. Juniper's counsel did not object to this explanation and therefore, GraphOn considered this objection moot. *See, Motion, Ex. 3.* Juniper briefly mentioned this issue in a follow-up letter, but did not request nor demand that GraphOn remove the documents at that time. *See, Motion, Ex. 9.* Hence, GraphOn did not refuse Juniper's request to remove these documents.

2. **Production of Source Code and Source Repository**: GraphOn's source code and the source repository documents were produced and made available for

3

inspection by Juniper no later than June 25, 2009, shortly after GraphOn's responses to the first Requests for Production were served upon Juniper. *Barnard Decl. ¶ 6.* Juniper's counsel commenced review of the source code on or about June 26, 2009. *Id.* The information and documents contained within the repositories are in electronic form, the form in which they are generally maintained and therefore this production satisfies the requirements of FRCP 34(e). *Barnard Decl. ¶ 7, 21.*

       3.    **Representation in July 1, 2009 Letter Regarding Lack of Technical Documents:** Juniper also implies that GraphOn purposely misled or hid documents from Juniper because early in the discovery process, GraphOn's counsel stated in a letter that GraphOn had no additional technical documents. *Motion, p. 3.* At the time the letter was written on July 1, 2009, Ms. Barnard had not been told that technical documents had been produced with the source code just a few days earlier. *Barnard Decl. ¶ 9.* The letter was not written in an attempt to mislead or misinform opposing counsel. *Id.* Furthermore, the letter indicated that GraphOn *did not believe* that it had any additional documents. *See, Motion, Ex. 5 (emphasis added).* The letter also indicated that GraphOn was willing to undertake further investigation to determine if any additional documents existed with respect to Request Nos. 2 and 3 and agreed to produce these additional documents, should any exist. *Id.* Clearly, from the tone of the letter, GraphOn was not emphatically denying the existence of additional technical documents.

During the follow-up investigation to determine if additional technical documents existed, Ms. Barnard learned of the source repository documents produced with the source code. *Barnard Decl. ¶ 10, 13.* Upon learning that these documents had been previously produced, GraphOn's counsel diligently undertook steps to identify these documents to Juniper and supplement GraphOn's discovery responses. *Id.*

4.      **Juniper's Claims of No Supplementation by GraphOn:**  Juniper implies that GraphOn has not supplemented its discovery responses and production. *Motion, p. 3.* In fact, GraphOn supplemented its production of documents on July 20, 2009, July 23, 2009 and July 24, 2009. *Barnard Decl. ¶19.* In addition to this supplemental production, GraphOn produced additional documents on August 6, 2009 and August 7, 2009, in relation to further objections raised by Juniper for the first time during the meet and confer held on July 23, 2009. *Id.* Finally, as will be discussed more fully below, the source repository documents which are the subject of Juniper's current Motion to Compel were sent to Juniper's counsel on August 6, 2009, via overnight UPS. *Barnard Decl. ¶ 21.*

5.      **Requests for Technical Documents.**   In its current Motion to Compel, Juniper implies that it had to make repeated demands of GraphOn as to when GraphOn would produce documents evidencing the functionality and operation of the accused products. *Motion, pp. 3-4.* These "repeated demands" consisted of two e-mails sent within one day of each other. *See, Motion, Ex. 6.*   Furthermore, GraphOn responded to the first e-mail shortly after it was sent explaining that GraphOn was in the process of supplementing the discovery responses and also that the production of documents due just five days later in response to Juniper's second set of discovery requests might resolve some of Juniper's questions in its e-mails. *See, Motion, Ex. 6*; *Barnard Decl. ¶ ¶ 8, 140, 11, 12.*

On or about July 20, 2009, GraphOn sent Juniper an additional e-mail indicating that the parties needed to discuss new objections being raised by Juniper, as well as discuss some logistical problems in producing documents and information contained in GraphOn's source repositories and bug databases. *See, Motion, Ex. 6; Barnard Decl., ¶ ¶*

5

*14, 15*.  GraphOn asked Juniper to call GraphOn so that these issues could be discussed.

*Id.*

Finally, GraphOn provided a more formal response in a letter dated July 21, 2009. Specifically, GraphOn informed opposing counsel of the following:

> "GraphOn produced additional information and documents relevant to Requests Nos. 2 and 3 within its CVS and VSS repositories, which were produced with GraphOn's source code. The information and documents contained within the repositories are in electronic form, the form in which they are generally maintained and therefore this production satisfies the requirements of FRCP 34(e). Although GraphOn is not required to produce the documents in another form, GraphOn is willing to work with Juniper to find a way to produce these documents in hard copy. However, the parties will need to confer on the manner in which the documents are produced to ensure that neither party violates the Confidentiality Stipulation and Protective Order."

*Motion, Ex. 3.*

Not satisfied, Juniper sent an e-mail dated the same day complaining about the documents being produced pursuant to Fed.R.Civ.P. 34(e). In the e-mail, Juniper demanded that GraphOn produce "***a complete set of all technical documents*** residing on the computers at Troutman Sanders that are not part of the source code." *See, Motion, Ex. 6 (emphasis added).* Juniper then sent a letter shortly thereafter giving GraphOn two business days to produce these documents. *See, Motion, Ex. 9.* Juniper refused to meet and confer on the issue of production of these source repository documents, claiming there was no need to confer, and that GraphOn should merely produce the documents under the Protective Order and label them as GraphOn deems fit. *Id.* Juniper closed its threatening letter, by informing GraphOn that if the documents were not produced by July 23, 2009, Juniper would seek court intervention. *Id.*

      6.    **Events Leading Up to Meet and Confer Held on July 23, 2009**: After receiving Juniper's letter of July 21, 2009, Ms. Barnard spent the next two days working with GraphOn to continue to supplement and produce additional documents concerning

6

Request Nos. 2, 3 and 5, as well as 24-27, as requested by Juniper. *Barnard Decl., ¶¶ 17, 18, 19, 20, 21, 22, 23.* Barnard also spent a considerable amount of time working with the GraphOn personnel, the technical consultants who assisted with the source code production, GraphOn's local counsel Dabney Carr and the Troutman Sanders' personnel in the Washington D.C. office, to determine the most efficient and fastest method to produce the documents in the source code repositories. *Id.* Among the issues addressed by these individuals were the number of documents in the source repository, the complexity of producing these documents in TIFF format, native format or on hard drive and the time frame for each method of production. *Id.*

After learning of the various options for production of the source repository documents, GraphOn scheduled a meet and confer with Juniper and Mr. Carr. *Barnard Decl.*, *¶ ¶ 20, 22, 23, 24.* The original meet and confer was postponed by Juniper until 5:00 p.m. EST on July 23, 2009. *Id.* The meet and confer lasted over 40 minutes and the parties discussed each objection raised in Juniper's letter of July 21, 2009. *Barnard Decl., ¶20; Declaration of Dabney Carr, attached heretoas Ex. 2 and incorporated herein by reference.* Specifically, GraphOn informed Juniper that GraphOn was producing additional documents relating to marketing and sales, patents and patent file histories, financial statements going back six years, support documents from GraphOn's website and additional press releases from GraphOn's website. *Id.* Juniper was informed that the documents were being Bates stamped and were expected to be sent by Federal Express on Friday, July 24, 2009. *Id.* GraphOn also informed Juniper that GraphOn was still gathering documents relating to the sales information it recently requested with respect to Request Nos. 24-26, but that this information was harder to obtain since GraphOn did not break

7

down sales information by origin of sale. Juniper was told that this information would be available by the first part of the week of July 27, 2009. *Id.*

More importantly for purposes of this current Motion to Compel, GraphOn and Juniper then discussed in detail the issues with producing the source repository documents. GraphOn informed Juniper that GraphOn's technical consultant had advised GraphOn that to date, there were at least 32,000 pages within the source repository. *Barnard Decl., ¶21; Carr Decl., ¶ 5.* GraphOn also informed Juniper that GraphOn was willing to produce all of the documents in the source repository if Juniper so desired. *Id.*

Because of Juniper's ongoing criticisms of GraphOn's production, GraphOn gave Juniper the opportunity to choose the manner in which Juniper wanted the documents produced. *Barnard Decl., ¶ 22; see also, Carr Decl., ¶ 6.* GraphOn told Juniper that GraphOn could produce the documents in native format on a hard drive in approximately twenty-four hours. *Id.* If, Juniper wanted the documents produced in TIFF format, bates-numbered and on a CD, as called for in the parties' discovery plan, GraphOn could produce the documents by the middle of the following week. *Id.* GraphOn told Juniper that if Juniper wanted the documents in hard copy, GraphOn could produce the documents by late the following week. *Id.* GraphOn also told Juniper that if Juniper wanted the documents reviewed by counsel for GraphOn before production, it would be at least two weeks before the documents could be produced. *Barnard Decl., ¶ 22; see also, Carr Decl., ¶ 6.*

Consistent with Juniper's earlier e-mail of July 21, 2009, Juniper indicated that it wanted all of the documents in the source repository as soon as possible and that Juniper wanted them produced in TIFF format, and bates-numbered, as provided in the parties' discovery plan. *Barnard Decl., ¶23; Carr Decl., ¶ 7.* Juniper did not ask that the

8

documents be reviewed by counsel for GraphOn to compare the documents to any particular discovery request prior to production. *Barnard Decl., ¶23; see also Carr Decl., ¶ 7.*

GraphOn informed Juniper that GraphOn would comply with its request and produce all the documents in TIFF format pursuant to the parties' agreed upon discovery plan. *Barnard Decl.*, ¶ 23; *Carr Decl., ¶ 8.* Based upon the discussions during the meet and confer, it appeared that the outstanding discovery issues concerning the documents in the source repository had been resolved. *Id.* The next day, July 24, 2009, GraphOn sent Juniper a letter confirming the resolutions reached during the meet and confer. *See* Motion, *Exhibit 7, pp. 2-3*. It is clear from this letter that the discovery issues on the source repository documents were resolved after the meet and confer.

Shortly after GraphOn sent the letter, Juniper sent an e-mail retracting its position from the day before. *See Motion, Exhibit 10*. Juniper now demanded that GraphOn produce only "responsive" documents pursuant to the terms of the Amended Discovery Plan and to do so by July 29, 2009, just three business days later. *Id.* This demand was made even though Juniper had learned just the day before that production of the documents in this manner would take longer than three business days. Before GraphOn could even respond to Juniper's e-mail and obviously well before the July 29, 2009, deadline given to GraphOn, Juniper filed this Motion to Compel with the Court. The Motion to Compel was filed less than 90 minutes after receiving Juniper's final e-mail requesting confirmation from GraphOn that it would meet Juniper's demands. *Barnard Decl., ¶26.*

7.    **Status of Production:** Since the Motion to Compel was filed Juniper has received additional documents from GraphOn as indicated during the meet and confer conference call held on July 23, 2009. Specifically, GraphOn has produced additional

documents to supplement Request Nos. 5, 13, 14, 16, 24, 25, 26 and 27. *Barnard Decl.,* ¶ 27. Most importantly, on August 6, 2009, GraphOn shipped via UPS overnight to Juniper's counsel, the documents contained within the source repository. As such, Juniper's objections as raised in its Motion to Compel are moot.

## ARGUMENT

### A. Juniper Again Failed to Comply with the Local Rules Prior to Filing the Current Motion to Compel.

As with its earlier Motion to Compel regarding GraphOn's source code, Juniper failed to meet and confer in good faith prior to filing this current Motion to Compel. The Local Rules state, "Before endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement." *See* EDVA Local Rule 7(E). The Local Rules also require Juniper to "confer to decrease, in every way possible the filing of unnecessary discovery motions" and that "No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy." *See* EDVA Local Rule 37(E). Juniper did not comply with the Federal Rules or this Court's Local Rules in filing the current Motion to Compel.

After resolving all issues with Juniper regarding the source repository documents and moving forward with production, GraphOn sent a letter on July 24, 2009, to confirm the resolution agreed upon by the parties. *See, Motion, Ex. 7.* On that same day, at approximately 3:04 p.m. EST, Juniper sent an e-mail objecting to the agreed-upon production and demanded that GraphOn produce only "responsive" documents and do so

pursuant to the terms of the Amended Discovery Plan. *Barnard Decl., ¶ 25, Ex. 13.* Juniper gave GraphOn three business days to produce the documents even though Juniper had previously been informed that production of the documents in this manner would require more time. *Id.*

Before GraphOn could respond to Juniper's e-mail, Juniper filed its current Motion to Compel, at approximately 4:43 p.m. EST, less than two hours after it sent the demand. Juniper did not ask for a meet and confer, did not wait for a response to its e-mail and did not make any effort to narrow the area of disagreement allegedly existing between the parties. The previous meet and confer held on July 23, 2009, cannot be used by Juniper as compliance with Rules 7(E) and 37(E) because that meet and confer resolved all the outstanding discovery issues concerning the source repository documents. Juniper's demands from July 24, 2009 were a deviation from the agreement reached the day before. This new demand and objection from Juniper required a meet and confer before the Motion to Compel could be filed. Juniper failed to do this.

The purpose of the meet and confer requirement is for the parties to resolve all issues or as many issues as possible without Court intervention. To file the Motion to Compel without a discussion as to whether GraphOn was willing to meet Juniper's latest demands was not only in disregard of the procedural rules, but it is an abuse of the discovery process and a waste of time and resources for all involved, including the Court.

GraphOn maintains that it has complied with its obligations under the Federal Rules of Civil Procedure. It has produced documents every time Juniper raised a new objection and is continuing to produce documents. However, in the instant matter, Juniper did not identify its latest problem until an hour and a half before it filed the

11

current Motion to Compel. GraphOn did not even receive notice that a motion would be filed if GraphOn did not produce the documents. Instead, Juniper stated that GraphOn had until July 29, 2009, to comply with Juniper's latest demand. Yet, Juniper did not even give GraphOn a chance to respond to the demand as the Motion to Compel was filed less than two hours after the demand was made.

Furthermore, GraphOn has produced the documents from the source repository. On August 6, 2009, the documents contained within the source repository were shipped to Juniper overnight via UPS. This massive production of all supplemental documents, was done at considerable cost and expense to GraphOn. GraphOn employees spent days gathering documents for production, all time spent away from their regular duties. Furthermore, the cost to GraphOn of producing the documents from the source repository totaled $6,675.00. *Barnard Decl., ¶ ¶ 19, 21, 27*. This production was pursuant to the parties' agreement reached on July 23, 2009, and not because of the current Motion to Compel. In short, the current Motion to Compel was totally unnecessary.

Finally, in bringing the current Motion to Compel, Juniper did not comply with Rule 37(E). Rule 37(E) states that "The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." In its rush to file the Motion to Compel, Juniper did not include a statement that a good faith effort was made to resolve the dispute. This is probably because Juniper could not make this certification. Nevertheless, because the current Motion to Compel does not contain the statement, on this ground alone the Motion to Compel should be denied.

**B.     Juniper's Current Motion to Compel Is Moot Because the Documents in the Source Repository Have Been Produced.**

Even if Juniper had followed all the procedural steps prior to bringing the Motion to Compel, Juniper still would not prevail since the documents have been produced, making the Motion to Compel moot. The source repository documents were shipped to Juniper on August 6, 2009, via UPS overnight. *Barnard Decl.,* ¶ 27. There were 35,666 documents, consisting of 231,158 pages. *Id.* GraphOn produced all of the documents contained in the source repository to Juniper because this is what Juniper asked for and because the documents contained in the source repository correspond and relate to Juniper's Request No. 2 and Request No. 3. *Declaration of Bill Tidd, attached hereto and incorporated herein by reference.* The documents contained in the source repository include the GO-Global for Windows Administrator Guide, most other documents related to GO-Global for Windows, most of the versions of the Developer Guide, design documents, source code for later versions of GO-Global for Windows, all versions of GO-Global for UNIX, as well other technical documents. *Tidd Decl.,* ¶ 3. *Id.*

GraphOn has complied with all of Juniper's demands. GraphOn has worked with Juniper at every stage to provide numerous documents, even when Juniper already had the documents in its possession or could just as easily obtain the documents from websites, the PTO or other publicly available sources. GraphOn also produced the source repository documents in June of 2009 pursuant to Fed.RCiv.P. 34(e) in a manner in which they were normally maintained and still offered to produce them again in a manner Juniper wanted. Juniper initially asked for all documents from the computers containing the source repository. *Motion, Ex. 6.* During the meet and confer held on July 23, 2009, Juniper again asked for all documents from the source repository as soon as possible and

that Juniper wanted them produced in TIFF format, and bates-numbered, as provided in the parties' discovery plan. *Barnard Decl., ¶ ¶ 20, 21, 22, 23, 24; Carr Decl., ¶ 7.* GraphOn agreed to produce the documents in TIFF format at considerable cost and expense to GraphOn. .

Because GraphOn has produced all documents from its source repository that correlate to Request No. 2 and Request No. 3 that are at issue in Juniper's Motion to Compel, the Motion to Compel should be denied as moot.

**C.     The Documents Produced by GraphOn Were Not Delinquent.**

In the middle of this on-going discovery process, Juniper latched onto the theory that GraphOn's production was somehow late and therefore deficient. *See, Motion, pp. 4-6.* As GraphOn has explained previously to Juniper, this assumption is not accurate.

The source repository documents were produced for inspection to Juniper no later than June 25, 2009. *Barnard Decl., ¶7.* Juniper's Requests for Production were sent to GraphOn on May 18, 2009. *Barnard Decl., ¶¶4, 5, 6.* By local and federal rules of civil procedure, GraphOn's responses to the request for production were due on June 20, 2009. GraphOn served its Responses on June 20, 2009 and produced a massive amount of documents for production no later than June 25, 2009.[6]

Furthermore, pursuant to Rule 26 of the Federal Rules of Civil Procedure, GraphOn has an ongoing duty to supplement its responses. Fed. R.Civ.P. 26(e) states in relevant part:

> (1) In General.  A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission –must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

14

To claim any documents produced as part of this ongoing duty as late and somehow prejudiced, not only contradicts the language of Rule 26(e) but it also deters any party from supplementing its discovery responses.

The production of the source repository documents was timely made. The original supplemental production was agreed to on July 21, 2009, just five days after the first request was made by Juniper. *See, Motion, Ex. 6.* The documents were sent to Juniper on August 6, 2009. Furthermore, GraphOn agreed to supplement with the source repository documents even though it was not required to do so. Rule 26(e) states that a party is only required to supplement if the additional or corrective information has not otherwise been made known to the other parties during discovery. Not only was the information made known to Juniper, Juniper had the information in its possession since at least June 26, 2009, and has been reviewing and relying on this information since that time.

Juniper complains that the late production somehow prejudices Juniper, but this simply is not true. The supplemental production does not prejudice Juniper. Juniper has had since June 2009 to have an expert review documents and begin infringement analysis and expert reports. In fact, Juniper has admitted its expert has been reviewing these documents on an ongoing basis. *See, Motion, Ex. 6.* Furthermore, it is inequitable for Juniper to claim the ongoing production is late, when Juniper continually adds new and further objections to GraphOn's responses, some objections being raised as late as one month after production. *Barnard Decl., ¶¶ 8,10, 11, 13, 15, 17, 20, 25*.

Juniper has insisted and GraphOn has agreed to produce massive amounts of information that will have no bearing on the ultimate outcome of the case. On the other

15

hand, Juniper has not sought to "confer to decrease, in every way possible the filing of unnecessary discovery motions," but has rather sought to breach express agreements, continually raise petty issues and drive discovery litigation costs up. Classifying GraphOn's production as late is just one example of Juniper's ongoing tactics in this matter.

### D. If Any Attorneys' Fees Are Awarded in this Matter, They Should Be Awarded to GraphOn for having to Oppose Another Frivolous Motion.

Juniper claims it is entitled to an award of attorneys' fees for expenses it incurred in making its Motion to Compel. However, as explained in this Opposition, the current Motion to Compel was unnecessary and filed without a meet and confer or a chance for GraphOn to address the claimed deficiencies. Furthermore, as explained by GraphOn to Juniper, the source repository production documents could not be produced overnight or even with three days notice as demanded by Juniper. Juniper knew GraphOn could not meet this demand for quick production because it was explained in detail during the meet and confer the day before the Motion to Compel was filed. *Barnard Decl. ¶¶ 20, 21, 22.* Yet, Juniper ignored this explanation, filed the Motion to Compel and then claimed that GraphOn refused to produce the documents. Again, this current Motion to Compel could have been avoided if Juniper had allowed GraphOn the time to respond to Juniper's latest demands for production.

Furthermore, the Motion to Compel is moot as GraphOn has produced the documents and done so in the manner twice requested by Juniper. Again, had Juniper given GraphOn an opportunity to respond and/or produce the documents there would have been no need for the Motion. If any attorneys' fees should be awarded in relation to

this Motion, the attorneys' fees should be awarded to GraphOn for having to defend this Motion which was brought without cause and without compliance to the local rules.

Local Rule 37(G) states that the presentation to the Court of unnecessary discovery motions will subject such party to appropriate remedies and sanctions, including the imposition of costs and counsel fee.  *See* EDVA Local Rule 37(G).  As demonstrated throughout this Opposition, the filing of the latest Motion to Compel was completely unnecessary and was brought solely for purposes of harassment.  Juniper did not attempt to meet and confer, did not give GraphOn a chance to meet its unreasonable demands and did not wait for a response before filing the Motion to Compel.  Furthermore, had GraphOn been given these chances, the documents would have been produced, which they ultimately were, making the Motion to Compel totally unnecessary.  For these reasons, GraphOn requests that should any attorneys fees' be awarded in relation to this Motion to Compel, that they be awarded to GraphOn.

DATED: August 7, 2009                                GRAPHON CORPORATION, INC.

By _____/s/_____
Of Counsel
Robert A. Angle, VSB #37691
robert.angle@troutmansanders.com
Dabney J. Carr, IV, VSB #28679
dabney.carr@troutmansanders.com
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219
Telephone: 804-697-1200
Facsimile: 804-697-1339

Michael D. Rounds (*admitted pro hac vice*)
Melissa Barnard (*admitted pro hac vice*)
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 324-4100
Fax: (775) 333-8171
Email: mrounds@watsonrounds.com
Email: mbarnard@watsonrounds.com

Joseph M. Vanek (*admitted pro hac vice*)
Thomas A. Vickers (*admitted pro hac vice*)
David P. Germaine (*admitted pro hac vice*)
Jeffrey R. Moran (*admitted pro hac vice*)
VANEK, VICKERS & MASINI
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Tel: (312) 224-1500
Fax: (312) 224-1510
Email: jvanek@vaneklaw.com
Email: tvickers@vaneklaw.com
Email: dgermaine@vaneklaw.com
Email: jmoran@vaneklaw.com

*Counsel for GraphOn Corporation and Vertical Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August 2009, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

>Alan M. Fisch, Esquire
>afisch@kayescholer.com
>Jason F. Hoffman, Esquire
>jahoffman@kayescholer.com
>Coke Morgan Stewart, Esquire
>cstewart@kayescholer.com
>Roy William Sigler, Esquire
>bsigler@kayescholer.com
>Kevin W. Jakel, Esquire
>kjakel@kayescholer.com
>KAYE SCHOLER LLP
>901 15th St, NW
>Washington, DC 20005
>(202) 682-3500
>*Counsel for Juniper Networks, Inc.*

>              /s/
>Dabney J. Carr, IV, VSB #28679
>dabney.carr@troutmansanders.com
>TROUTMAN SANDERS LLP
>Troutman Sanders Building
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone:  (804) 697-1200
>Facsimile:  (804) 697-1339
>
>*Counsel for GraphOn Corporation and Vertical Marketing, Inc.*