IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br>        Plaintiff,<br>  v.<br>GRAPHON CORPORATION and<br>VERTICAL MARKETING, INC.,<br>        Defendants. | Civil Case No. 1:09cv287 GBL/TRJ |

**JUNIPER NETWORKS, INC.'S OPPOSITION TO GRAPHON
CORPORATION AND VERTICAL MARKETING, INC.'S
MOTION FOR LEAVE TO AMEND CLAIM TERM DEFINITIONS,
<u>SUPPORTING EVIDENCE AND OPPOSITION EVIDENCE</u>**

Plaintiff Juniper Networks, Inc. ("Juniper") respectfully submits this opposition to GraphOn Corporation and Vertical Marketing, Inc.'s (collectively, "GraphOn") Motion for Leave to Amend Its Claim Term Definitions, Supporting Evidence and Opposition Evidence.

**PRELIMINARY STATEMENT**

Although GraphOn devotes considerable time to its allegations that Juniper produced documents in an untimely manner, an allegation that is untrue, GraphOn fails to identify for the Court what amendments it wishes to make to its supporting and opposing evidence for claim construction and how those amendments are necessitated by the allegedly late production. Juniper has never opposed and does not oppose GraphOn's amending its supporting and opposing evidence for claim construction based on documents produced after the date for exchanging such evidence. However, Juniper cannot consent to GraphOn's complete rewriting of its claim construction position based on documents it has had access to either from the beginning of the case or well before the deadline for exchanging claim construction evidence. Nor can Juniper agree that GraphOn can continue to update its claim construction position on a rolling basis without identifying good cause, as GraphOn suggested to Juniper before filing its

motion. Such amendments would prevent Juniper from preparing to take technical depositions and to draft expert reports on infringement and validity.

For these reasons, Juniper respectfully requests that GraphOn's request for leave to amend its supporting and opposing evidence, including expert testimony, based on newly produced documents be granted, but that GraphOn's request to amend its supporting and opposing evidence, including expert testimony, based on documents it had in its possession before the deadline for exchanging supporting and opposing evidence be denied.

## BACKGROUND

On June 12, 2009, the parties agreed and the Court ordered that the parties were required to disclose proposed claim constructions and all supporting and opposing evidence including the "testimony of fact and expert witnesses" by July 28, 2009.[1] On July 28, 2009, the parties agreed and the Court subsequently ordered that supporting evidence and testimony would be due on July 28, 2009 and opposing evidence would be due on August 18, 2009.[2] Juniper had suggested that the parties also agree to postpone disclosure of expert testimony regarding claim construction until after the other evidence supporting and opposing the parties' constructions was exchanged. GraphOn rejected that proposal.[3]

On July 28, 2009, GraphOn provided its claim constructions and identified the intrinsic and extrinsic evidence it intended to rely upon to support them.[4] On July 28, 2009, GraphOn also produced a declaration dated July 27, 2009 from its expert, Dr. Kogan, and identified that it intended to rely upon that declaration in support of its claim constructions.[5] On July 31, 2009, after notice by Juniper that GraphOn's original disclosure of evidence lacked sufficient detail,

---

[1] Docket No. 53, Amended Joint Discovery Plan at Ex. A.

[2] Docket No. 74, Order.

[3] Ex. 1, July 22, 2009 Email from J. Vanek to K. Jakel.

[4] Ex. 2, July 28, 2009 GraphOn's Disclosure of Claim Term Definitions and Identification of Supporting Intrinsic and Extrinsic Evidence.

[5] Ex. 3, July 27, 2009 Decl. of Dr. Kogan.

GraphOn served Juniper with an amended disclosure of supporting evidence for its claim constructions.[6]

On August 18, 2009, GraphOn identified the intrinsic and extrinsic evidence that it intended to rely upon in opposition to GraphOn's claim constructions.[7] GraphOn did not produce any additional expert testimony at that time. Instead, GraphOn merely identified that it intended "to rely upon an opinion to be tendered by Dr. Michael Kogan . . . within the time frame established by the Court to provide expert opinion" and that opinion would rely on "the specification and the prosecution history of the '752 patent."[8] Juniper objected to that reservation of rights, particularly in view of the fact that Juniper had suggested that the parties postpone disclosure of expert testimony until after other claim construction evidence was disclosed, and GraphOn rejected that proposal.[9]

Between August 21, 2009 and August 25, 2009, Juniper and GraphOn exchanged letters regarding GraphOn's intention to rely upon future expert testimony based on the specification and the prosecution history of the '752 patent.[10] Juniper's position remained consistent: expert testimony provided in support of GraphOn's claim construction after the deadlines for providing

---

[6] Ex. 4, July 31, 2009 GraphOn's Disclosure of Claim Term Definitions and Amended Identification of Supporting Intrinsic and Extrinsic Evidence.

[7] Ex. 5, August 18, 2009 GraphOn's Preliminary Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection.

[8] *Id*. at 1, 2.

[9] In the meet and confer on July 21, 2009, Juniper proposed that the parties postpone the submission of expert testimony for claim construction until the deadline established by the Court to provide expert opinions. At the time, expert opinions were due on September 24, 2009. *See* Docket No. 53, Amended Joint Discovery Plan at 3. Expert opinions are now due October 22, 2009. *See* Docket No. 100, Order. A day later, GraphOn rejected Juniper's proposal and stated that it was "not agreeable to extending the date by which expert evidence is due as we believe all disclosures should be made *simultaneously*." Ex. 1, July 22, 2009 Email from J. Vanek to K. Jakel.

[10] *See* Ex. 6, August 21, 2009 Letter from K. Jakel to J. Vanek; Ex. 7, August 25, 2009 Letter from K. Jakel to J. Moran.

such evidence is improper unless the testimony is based on information learned through discovery after the deadlines agreed to by the parties and ordered by the Court had passed.[11]

On August 26, 2009, Juniper and GraphOn conducted a meet and confer regarding GraphOn's intention to rely upon expert testimony for claim construction produced after August 18, 2009. In that conference, Juniper objected to GraphOn's intention to rely upon undisclosed expert testimony that could have been produced as of the deadlines for the exchange of supporting and opposing evidence for claim construction. Notably, counsel for Juniper expressly stated that it did not oppose any amendment to GraphOn's identification of evidence for claim construction so long as the amendments were the result of information learned through discovery after the deadlines for the exchange of supporting and opposing evidence for claim construction had passed.

On August 28, 2009, GraphOn provided proposed amendments to its disclosure of supporting and opposing evidence.[12] GraphOn's proposed amendment to its opposing evidence again indicated that it intended "to rely upon an opinion to be tendered by Dr. Michael Kogan . . . within the time frame established by the Court to provide expert opinion" and that opinion would rely on "the specification and the prosecution history of the '752 patent."[13]

In addition, on August 28, 2009, GraphOn produced a proposed new declaration from its expert, Dr. Kogan, regarding claim construction.[14] Juniper was expecting, based on GraphOn's representations, that Dr. Kogan's new expert testimony would be related to newly produced documents. Instead, the declaration was a completely new claim construction opinion based

---

[11] *See* Ex. 7, August 25, 2009 Letter from K. Jakel to J. Moran.

[12] *See* Ex. 8, August 28, 2009 GraphOn's Supplemental Disclosure of Claim Term Definitions and Identification of Supporting Intrinsic and Extrinsic Evidence; Ex. 9, August 28, 2009 GraphOn's Supplemental Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection.

[13] Ex. 9, August 28, 2009 GraphOn's Supplemental Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection at 1, 2.

[14] Ex. 10, August 28, 2009 Decl. of Dr. Kogan.

primarily on evidence GraphOn possessed when Dr. Kogan's initial opinion was due, including the patent specification and prosecution history.[15]

On September 3, 2009, Juniper and GraphOn conducted another meet and confer to discuss whether Juniper would oppose a motion for leave to amend its identification of supporting and opposing evidence for claim construction. Juniper indicated that it intended to oppose GraphOn's reliance on any expert testimony that it could have produced by the deadlines for the exchange of claim construction evidence. Juniper also reiterated its position that Juniper would not oppose any efforts by GraphOn to amend its claim construction disclosures based on any information it learned through discovery after those deadlines.

On September 4, 2009, GraphOn filed its instant motion for leave.

## ARGUMENT

### 1.     Juniper Agrees that GraphOn Should Be Able to Amend Its Claim Construction Evidence Based on Newly Produced Documents or Other Good Cause

GraphOn's motion suggests that Juniper's recent production of documents necessitates an amendment of its supporting evidence and opposing evidence for claim construction.[16] GraphOn's motion also suggests that Juniper opposes such an amendment.[17] This is untrue. Juniper has stated, on numerous occasions, including in letters[18] and during lengthy telephonic conferences on August 26, 2009 and September 3, 2009, that it does not oppose GraphOn's amending its disclosure of supporting and opposing evidence for claim construction based upon the documents Juniper produced after August 28, 2009 and any other documents that Juniper or a

---

[15] Only 4 out of 21 paragraphs in Dr. Kogan's August 28, 2009 declaration reference a document that Juniper produced after August 18, 2009. *Id*. The other 17 paragraphs in the declaration involve information that GraphOn possessed months before August 18, 2009. *Id*.

[16] GraphOn Mem. at 3, 5, 6.

[17] *Id*. at 3.

[18] *See* Ex. 6, August 21, 2009 Letter from K. Jakel to J. Vanek; Ex. 7, August 25, 2009 Letter from K. Jakel to J. Moran.

third party produces in the future. Juniper has also repeatedly informed GraphOn that it would not oppose future amendments to its claim construction position supported by good cause.

### 2. Leave to Amend the Parties' Claim Construction Positions Should Not Be Allowed Absent Good Cause

The parties are currently preparing for technical depositions and preparing to draft expert reports on infringement and validity. Those depositions and reports rely in large part on the parties' claim construction positions. As a result, neither party should be permitted to amend its identified terms, constructions, and identification of supporting and opposing evidence, including expert testimony, without good cause. In its conference with Juniper and in its proposed amendments to its disclosure of supporting and opposing evidence,[19] GraphOn has suggested that it will continue to amend its claim construction positions regardless of when it obtains the underlying evidence.[20] In particular, as addressed in more detail below, GraphOn has stated that it will continue to update its expert testimony on claim construction up until the deadline for disclosure of expert opinion.[21] Juniper cannot prepare to take technical depositions, prepare its expert report on infringement, or respond to GraphOn's expert report on validity, if GraphOn's claim constructions and related expert testimony regarding them keeps changing. For this

---

[19] *See* Ex. 8, August 28, 2009 GraphOn's Supplemental Disclosure of Claim Term Definitions and Identification of Supporting Intrinsic and Extrinsic Evidence; Ex. 9, August 28, 2009 GraphOn's Supplemental Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection.

[20] GraphOn has asserted that the Court informed the parties that leave to amend identification of evidence for claim construction would be liberally granted. GraphOn Mem. at 2. Juniper's recollection of the Court's statements regarding amending claim construction disclosures differs from GraphOn's. Juniper recalls that the Court stated that leave to amend infringement contentions would be liberally granted because the deadline fell so close to the beginning of discovery. In particular, during the conference with the Court, Juniper and GraphOn acknowledged that it was unlikely that source code would be available in advance of the deadline for production of infringement contentions under discovery plan. This affected both parties because, at that time, the Court had not yet transferred GraphOn's counterclaims to the Eastern District of Texas. Unlike the infringement contentions, the deadlines for identification of evidence for claim construction fall months into the discovery process, which provided the parties ample time to prepare those disclosures.

[21] Initial expert reports are currently due on October 22, 2009. *See* Docket No. 100, Order.

reason, Juniper has informed GraphOn that the parties should not be permitted to amend their claim construction positions absent good cause.

> **3. Amendments to GraphOn's Expert Testimony in Support of Its Claim Constructions Should Be Limited to Newly Produced Documents and Should Be Made Promptly, Not When Infringement and Validity Expert Reports Are Due**

On June 12, 2009, the parties agreed and the Court ordered that the parties were required to disclose proposed claim constructions and all supporting and opposing evidence including the "testimony of fact and expert witnesses" by July 28, 2009.[22] The parties subsequently agreed and the Court subsequently ordered that supporting evidence and testimony would be due on July 28, 2009 and opposing evidence would be due on August 18, 2009.[23]

On July 28, 2009, GraphOn provided an expert declaration with its claim construction evidence.[24] However, on August 18, 2009, GraphOn did not provide expert testimony with its opposing evidence, but simply stated that it intended "to rely upon an opinion to be tendered by Dr. Michael Kogan . . . within the time frame established by the Court to provide expert opinion" and that opinion would rely on "the specification and the prosecution history of the '752 patent."[25] Juniper objected to this reservation of rights, particularly in view of the fact that Juniper had suggested that the parties postpone disclosure of expert testimony until after other claim construction evidence was disclosed, and GraphOn rejected that proposal.

On August 28, 2009, GraphOn provided a proposed amended disclosure of supporting claim construction evidence and opposing claim construction evidence, including a new expert declaration from Dr. Kogan.[26] GraphOn's supporting and opposing claim construction evidence

---

[22] Docket No. 53, Amended Joint Discovery Plan at Ex. A.

[23] Docket No. 74, Order.

[24] *See* Ex. 3, July 27, 2009 Decl. of Dr. Kogan.

[25] Ex. 5, August 18, 2009 GraphOn's Preliminary Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection at 1, 2.

[26] *See* Ex. 8, August 28, 2009 GraphOn's Supplemental Disclosure of Claim Term Definitions and Identification of Supporting Intrinsic and Extrinsic Evidence; Ex. 9, August 28, 2009

- 7 -

incorporated this new opinion by reference.[27]  Additionally, GraphOn's proposed opposing evidence included the same broad reservations of rights regarding expert testimony included in its previous disclosure.[28]

Juniper was expecting, based on GraphOn's representations, that Dr. Kogan's new testimony would be related to newly produced documents.  Instead, the declaration was a completely new claim construction opinion based primarily on evidence GraphOn possessed when Dr. Kogan's initial opinion was due, including the patent specification and prosecution history.[29]  In Juniper's conferences with GraphOn, GraphOn has suggested that it will continue to amend its expert opinion on claim construction up until the deadline for disclosure of expert opinion, currently set for October 22, 2009.

As stated above, Juniper has no objection to GraphOn amending or supplementing its expert opinion on claim construction based on new evidence.  However, Juniper does oppose a wholesale revision of GraphOn's expert opinion or serial amendments of GraphOn's expert opinion without good cause based on evidence in GraphOn's possession at the time the opinion was due.[30]  Such amendments would not only be untimely, but would also interfere with Juniper's preparation to take technical depositions and to draft expert reports on infringement and validity.

---

GraphOn's Supplemental Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection; Ex. 10, August 28, 2009 Decl. of Dr. Kogan.

[27] *See e.g.* Ex. 8, August 28, 2009 GraphOn's Supplemental Disclosure of Claim Term Definitions and Identification of Supporting Intrinsic and Extrinsic Evidence at 3; Ex. 9, August 28, 2009 GraphOn's Supplemental Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection at 2.

[28] *See* Ex. 9, August 28, 2009 GraphOn's Supplemental Disclosure of Evidence in Opposition to Juniper's Proposed Definitions of the Claim Term Connection at 1, 2.

[29] Only 4 out of 21 paragraphs in Dr. Kogan's August 28, 2009 declaration reference a document that Juniper produced after August 18, 2009.  *Id.*  The other 17 paragraphs in the declaration involve information that GraphOn possessed months before August 18, 2009.  *Id.*

[30] GraphOn states that "[s]upplementation of GraphOn's expert's declaration is not sufficient because the new evidence necessarily affects the entire opinion."  GraphOn Mem. at 6.

### 4.     Juniper's Document Productions Have Not Been Untimely

GraphOn alleges throughout its memorandum that Juniper has made "untimely," "calculated," and "suspicious" discovery disclosures that necessitate wholesale changes in its claim construction position.[31]  This is untrue.

On August 24, 2009, the Court compelled the production of the British Telecom patent prosecution file containing communications between British Telecom and its patent attorney. Juniper produced the file the same day, even though the Court had provided Juniper with three days to produce the documents.[32]

Two days later, on August 26, 2009, Juniper timely produced patent prosecution documents from Nixon Vanderhye, the law firm that prosecuted the '752 patent, in response to a subpoena to Nixon Vanderhye.[33]  These documents were essentially the same documents included in the British Telecom patent prosecution file, and were not produced earlier because Nixon Vanderhye, whom Kaye Scholer is representing in third party discovery, was planning to assert attorney-client privilege over the documents.

On August 27, 2009, Juniper produced source code and seven documents relating to a possible embodiment of the patented technology.[34]  Juniper had received the source code and documents a few weeks before from the inventor of the '752 patent, John Butt, and did not produce the information immediately because it was awaiting instruction from British Telecom on whether the information was inadvertently produced and, if it was not, how British Telecom wished Juniper to produce it.[35]  Juniper obtained permission from British Telecom to produce the

---

[31] GraphOn Mem. at 3-5.

[32] *See* Docket No. 99, Order; GraphOn Mem., Ex. A.

[33] *See* GraphOn Mem., Ex. B.

[34] *See* GraphOn Mem., Ex. D.  Juniper reproduced the source code on September 1, 2009 because GraphOn claimed the CD produced on August 27, 2009 was defective.  *See* GraphOn Mem., Ex. E.

[35] Juniper suspected that the source code and related documents were inadvertently produced because the source code was currently in use by British Telecom to monitor network switches within its communication system.

source code as "Highly Confidential -- Outside Counsel's Eyes Only" on August 26, 2009, and then produced the information the next day. Juniper could not obtain this permission earlier because British Telecom's in house counsel was on vacation for several weeks without email or telephone access.

As is clear by this chronology events, the production about which GraphOn complains was neither substantial nor untimely. And, as stated above, Juniper has no objection to GraphOn amending its claim construction evidence based on this new production. However, the production does not warrant a wholesale revision of either parties' claim constructions, nor does it require the Court to reset claim construction deadlines, as GraphOn suggests.[36]

### 5.    GraphOn's Other Representations About Juniper's Litigation Conduct Are Untrue

Although not related to the merits of the instant motion, GraphOn makes a number of representations regarding Juniper's conduct in discovery that are untrue and warrant correction.

First, GraphOn asserts that Juniper's privilege claims were "improper" and "inappropriate," and Juniper's withholding of the patent prosecution file was "calculated" and "suspicious."[37] It is not inappropriate for Juniper to assert privilege over attorney-client communications between attorneys at Nixon Vanderhye and British Telecom. Juniper reasonably believed that the privilege between these parties transferred to Juniper with the patent acquisition. Additionally, it is not inappropriate for Juniper to assert work product protection over communications with British Telecom regarding the patent acquisition when those communications were made in anticipation of litigation with GraphOn with the intent that they be held in confidence. Of course, Juniper did not ultimately prevail on its privilege claims, but that does not mean that those claims were not reasonably made. And those claims were hardly "calculated" to prevent GraphOn from obtaining the underlying information. If hiding this

---

[36] In its conferences with Juniper regarding GraphOn's request for leave, GraphOn did not discuss the possibility of resetting deadlines for claim construction disclosures. Juniper first learned of this proposal when GraphOn filed the instant motion.

[37] GraphOn Mem. at 1, 2, 4.

information was part of Juniper's litigation strategy, Juniper surely would have appealed this Court's ruling that the documents be produced, rather than produce the documents the same day the Order issued.

Second, GraphOn asserts both that Juniper "refused to disclose the address of the inventor" of the '752 patent and that Juniper "suspiciously" postponed disclosing the address of the inventor.[38] These assertions are untrue. Juniper did not obtain the address of Mr. Butt until after its Initial Disclosures were due. And, if GraphOn wanted the inventor's address, it could have contacted British Telecom to attempt to obtain it, just as Juniper ultimately did. Instead, GraphOn chose to hire a private investigator -- presumably to enable it to contact the inventor without British Telecom or Juniper knowing.

## CONCLUSION

For all the reasons herein, Juniper respectfully requests that GraphOn's request for leave to amend its supporting and opposing evidence, including expert testimony, based on newly produced documents be granted, but that GraphOn's request to amend its supporting and opposing evidence, including expert testimony, based on documents it had in its possession before the deadline for exchanging supporting and opposing evidence be denied.

---

[38] GraphOn Mem. at 3.

- 12 -

Respectfully submitted,

Date: September 10, 2009

   /s/Coke Morgan Stewart
Alan M. Fisch *(pro hac vice)*
Coke Morgan Stewart *(Va. Bar No. 41933)*
R. William Sigler *(Va. Bar No. 65940)*
Kevin W. Jakel *(pro hac vice)*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Phone: 202-682-3500
Fax: 202-682-3580
Email: alan.fisch@kayescholer.com
Email: coke.stewart@kayescholer.com
Email: bill.sigler@kayescholer.com
Email: kevin.jakel@kayescholer.com

*Attorneys for Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Angle
Dabney J. Carr, IV
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Joseph M. Vanek
Jeffrey R. Moran
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, Illinois 60606

Michael Dudley Rounds
Melissa Pagni Barnard
Watson Rounds
5371 Kietzke Lane
Reno, Nevada 89511

Eliza Virginia Bechtold
Watson Rounds
One Market-Steuart Tower
Suite 1600
San Francisco, California 94105

                                                /s/Coke Morgan Stewart
                                                Coke Morgan Stewart
                                                Va. Bar. No. 41933
                                                Attorney for Juniper Networks, Inc.
                                                KAYE SCHOLER LLP
                                                901 Fifteenth Street, NW
                                                Washington, DC 20005
                                                Phone: 202-682-3500
                                                Fax: 202-682-3580
                                                coke.stewart@kayescholer.com