IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br><br>Plaintiff, <br><br>v. <br><br>GRAPHON CORPORATION and <br>VERTICAL MARKETING, INC., <br><br>Defendants. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 1:09cv287  GBL/TRJ <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**DEFENDANTS' REPLY BRIEF IN
SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND CLAIM
TERM DEFINITIONS, SUPPORTING EVIDENCE AND OPPOSITION EVIDENCE**

Juniper Networks Inc. ("Juniper") does not oppose GraphOn and Vertical Marketing, Inc.'s (collectively "GraphOn") Motion for Leave to Amend supporting and opposing evidence, including expert testimony, with regard to newly produced evidence. *See* Juniper's Opposition, p. 2.  While providing this concession, Juniper wholly fails to address GraphOn's position that the newly produced evidence necessarily affects all other claim construction evidence and disclosures.  Of note, part of the newly disclosed evidence by Juniper <u>are the inventor's own documents providing a description of the invention in great detail</u>.  Due to this recent disclosure, GraphOn would be highly prejudiced if it is barred from reviewing the patent-in-suit and prosecution history with fresh eyes.

Thus, the only issue presented to the Court is whether the newly disclosed evidence provides good cause for GraphOn's amendment to its claim construction supporting and opposition evidence.  The answer is undoubtedly yes.

**ARGUMENT**

A.  <u>The New Evidence Produced By Juniper Provides Good Cause For GraphOn's Requested Amendment</u>.

As written in GraphOn's Memorandum in Support of this Motion, Juniper has wholly failed to produce evidence requested by GraphOn in its first discovery requests. In fact, Juniper admits in its Opposition brief that it withheld the inventor's white pages and source code while the claim construction deadlines passed. Juniper states:

> On August 27, 2009,[1] Juniper produced source code and seven documents relating to a possible embodiment of the patented technology. <u>Juniper had received the source code and documents a few weeks before from the inventor of the '752 patent, John Butt, and did not produce the information immediately because it was awaiting instruction from British Telecom on whether the information was inadvertently produced</u> and, if it was not, how British Telecom wished Juniper to produce it… Juniper did not obtain [permission to produce prior to August 26, 2009] because British Telecom's in house counsel was on vacation for several weeks without email or telephone access. *See* Juniper's Opposition, p. 9-10 (emphases added).

Thus, not only does Juniper admit that it had the inventor's white papers in its possession prior to the claim construction deadline, but Juniper also states that it independently decided to withhold the evidence pending approval by British Telecom. Thus, despite a cooperation clause in the patent purchase agreement between Juniper and British Telecom, and despite the fact Juniper was well aware that the documents specifically bore on claim construction, Juniper decided not to produce the documents prior to the claim

---

[1] The CD produced by Juniper on August 27th was defective and, therefore, GraphOn did not have the opportunity to review the documents until September 1, 2009.

construction deadline. Juniper's motivation is of no consequence,[2] the fact remains that because Juniper did not disclose the inventor's documents and source code prior to the claim construction deadline, GraphOn was not afforded the opportunity to properly formulate its claim construction position.

Understanding the importance of claim construction for a patent infringement suit, and with the inventor's documents in hand, Juniper had an obligation to produce such documents to GraphOn. Further, GraphOn had a right to the inventor's documents months ago and, therefore, must be permitted the opportunity to review the patent-in-suit and the prosecution history with fresh eyes. Finally, Juniper's position GraphOn should only be permitted to amend in regard to newly produced evidence is untenable. The inventor's explanation of the invention affects the entirety of claim construction and, therefore, GraphOn would be highly prejudiced if it is not permitted to amend its claim construction supporting and opposition evidence.

B.  Juniper Fails To Establish That It Would Be Prejudiced by GraphOn's Requested Amendment.

Not only is there good cause for GraphOn's requested amendment, but this request does not prejudice Juniper. As noted in GraphOn's Memorandum in Support, the discovery schedule and expert report deadlines have been extended by one month and, therefore, Juniper's assertion that GraphOn's requested amendment would interfere with its expert report on infringement and invalidity has no merit. *See* Juniper's Opposition, p. 8.

---

[2] Juniper's position that it took several weeks to contact an in-house attorney at British Telecom because he had no access to email or telephone is dubious, at best. GraphOn finds it difficult to comprehend that the entirety of British Telecom's in-house counsel was not equipped to make the disclosure decision in view of the patent purchase agreement cooperation clause.

In fact, as seen throughout this litigation, it is Juniper's unending objections to straightforward issues that have forced extensive motion practice before this Court and delay in reaching the merits of this case. For example, this issue has been extended by weeks due to Juniper's contention that GraphOn does not have good cause to amend its supporting and opposition evidence for claim construction. Clearly, in light of the newly produced documents recounting the inventor's own description of the invention, GraphOn should be permitted to review the patent-in-suit and patent prosecution history with fresh eyes for purposes of claim construction. Further, Dr. Kogan should be permitted to evaluate the patent-in-suit in light of the inventor's description and source code, and thereafter, provide his expert opinion. But, instead of consenting to GraphOn's requested amendment, Juniper has mandated that GraphOn be barred from considering the new evidence in light of evidence previously in GraphOn's possession, i.e. the patent-in-suit and prosecution history. Of note, even the entirety of the patent prosecution history was not produced by Juniper until after the claim construction deadlines, and this evidence was only produced after GraphOn prevailed on a Motion to Compel against Juniper.

The simple fact remains that expert reports and discovery were extended by one month. Thus, until the calendar has reached one month passed the claim construction deadline of August 18, 2009, there can be no prejudice by an amendment.

## **CONCLUSION**

Due to Juniper's newly disclosed highly relevant evidence, GraphOn can establish good cause for amending its claim construction supporting and opposition evidence. Juniper contends that GraphOn must only amend in regard to the new evidence, but such evidence directly affects understanding of the patent-in-suit and, therefore, all parts of the patent-in-

suit and prosecution history must be reviewed with fresh eyes. Moreover, the fact that Juniper cannot establish any prejudice by GraphOn's requested amendment further establishes Juniper's defensive litigation tactic of making this case as expensive as possible for GraphOn in order to force GraphOn to settle its case against Juniper in the Eastern District of Texas. Such action by Juniper is a drain on the resources of the Court and our judicial system as a whole.

The Court has an independent obligation to evaluate all evidence in construing the terms of the patent-in-suit, and GraphOn submits that it is in the best interest of the parties and the Court that all evidence be evaluated such that the parties can effectively advocate their respective positions. At this point, recent disclosure by Juniper of pertinent evidence has prevented GraphOn from sufficiently evaluating the terms of patent-in-suit, and absent amendment of GraphOn's supporting and opposition evidence, including expert testimony, GraphOn would be highly prejudiced.

Having established good cause to amend its supporting and opposition evidence, including expert testimony, GraphOn respectfully requests that this Honorable Court grant this Motion.

WHEREFORE, GraphOn Corporation and Vertical Marketing, Inc. respectfully request that the Court enter an Order permitting GraphOn and Vertical Marketing, Inc. to amend their claim construction supporting evidence and opposition evidence, including expert testimony, or in the alternative, set new dates for claim construction by the parties.

Dated:  September 10, 2009                    GRAPHON CORPORATION, INC.
                                              VERTICAL MARKETING, INC.


                                              By      /s/
                                                    Of Counsel

Dabney J. Carr, IV, VSB #. 28679
dabney.carr@troutmansanders.com
Robert A. Angle, VSB #37691
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, VA 23218-11122
Tel: (804) 697-1200
Fax: (804) 697-1339

Joseph M. Vanek
Jeffrey R. Moran
VANEK, VICKERS & MASINI, PC
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
Tel: (312) 224-1500
Fax: (312) 224-1510
Email: jvanek@vaneklaw.com
Email:jmoran@vankelaw.com

Michael D. Rounds
Melissa P. Barnard
Eliza Bechtold
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 324-4100
Fax: (775) 333-8171
Email: mrounds@watsonrounds.com
Email: mbarnard@watsonrounds.com

*Attorneys for Plaintiffs*
*GRAPHON CORPORATION, INC. and*
*VERTICAL MARKETING, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2009, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Alan M. Fisch, Esquire
afisch@kayescholer.com
Jason F. Hoffman, Esquire
jahoffman@kayescholer.com
Coke Morgan Stewart, Esquire
cstewart@kayescholer.com
Roy William Sigler, Esquire
bsigler@kayescholer.com
Kevin W. Jakel, Esquire
kjakel@kayescholer.com
KAYE SCHOLER LLP
901 15th Street, NW
Washington, DC 20005
202-682-3500
*Counsel for Juniper Networks, Inc.*


/s/
Dabney J. Carr, IV, VSB #28679
dabney,carr@troutmansanders.com
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: 804-697-1200
Facsimile: 804-697-1339
*Counsel for GraphOn Corporation and
Vertical Marketing, Inc.*