IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09cv287 GBL/TRJ |
| | ) |
| GRAPHON CORPORATION and | ) |
| VERTICAL MARKETING, INC., | ) |
| | ) |
| Defendants. | ) |

### NONCONFIDENTIAL MEMORANDUM IN
### SUPPORT OF GRAPHON'S MOTION
### TO SEAL DOCUMENTS PURSUANT TO LOCAL RULE 5

Defendants GraphOn Corporation and Vertical Marketing, Inc. (collectively "GraphOn"), hereby submits this nonconfidential memorandum in support of its motion to file certain documents under seal pursuant to Local Rule 5.

### BACKGROUND

This action arises from claims of patent infringement brought by plaintiff Juniper Networks, Inc. ("Juniper"). In the course of this litigation, the parties recognized that they would have to produce and exchange information that is highly confidential and proprietary in nature. Accordingly, the parties jointly moved the Court to enter a Confidentiality Stipulation and Protective Order governing the disclosure of such information. After appropriate notice to the public, the Court granted the motion and entered the Confidentiality Stipulation and Protective Order on June 10, 2009 [Docket No. 51]. Pursuant to the Confidentiality Stipulation and Protective Order, the parties have exchanged highly confidential and proprietary information. Now GraphOn must file documents with the Court containing such confidential and proprietary

information. Therefore, GraphOn has moved the Court for an appropriate Order, pursuant to Local Rule 5 and the Confidentiality Stipulation and Protective Order, sealing such documents from disclosure to the public.

**ARGUMENT**

The Fourth Circuit has established certain steps a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (*citing In re the Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984) and *Stone v. University of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). In *Ashcraft*, the Fourth Circuit set forth the prerequisites for an order sealing documents. Such an order will not be valid unless the district court (A) provides notice to the public and gives the public an opportunity to object to the sealing, (B) considers less drastic alternatives, and (C) provides specific findings in support of the decision to seal and the rejection of alternatives. *Id.* All of these prerequisites are satisfied here.

A.   Public Notice

GraphOn has filed contemporaneously herewith a Notice of its motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the documents that are the subject of this motion. The Court does not need to provide individual notice to the public of each document that is to be sealed where such individual notice would be "impractical" and "unwarranted," as is the case here. *In re Knight*, 743 F.2d at 235. It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

B.   Less Drastic Alternatives

Contemporaneously herewith, GraphOn filed a Motion for Summary Judgment. In support of that Motion, GraphOn has filed a separate Memorandum in Support of its Motion for

Summary Judgment (the "GraphOn Memorandum") which refers to and relies upon exhibits that have been marked as "Confidential." "Highly Confidential" and/or "Highly Confidential – Outside Counsels' Eyes Only" by Juniper. Accordingly, to avoid the public disclosure of the confidential and proprietary information in these documents, GraphOn believes that the sealing of the GraphOn Memorandum and Exhibits 3, 5 and 7 thereto will be necessary because no procedure other than filing under seal will be sufficient to preserve the confidential and proprietary nature of such information, and because the value of the information is derived from its confidential and proprietary nature. *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W.Va. 1999) (stating "[w]here, however, the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors.") (*citing Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) and Fed. R. Civ. P. 26(c)).

C.   Specific Findings

Exhibits 3, 5 and 7 (the "Exhibits") to the GraphOn Memorandum have been marked "Confidential," "Highly Confidential" and/or "Highly Confidential – Outside Counsels' Eyes Only" and contain confidential and proprietary information that is subject to the Confidentiality Stipulation and Protective Order. Specifically, Exhibit 3 is the Feasibility Study of the RSM/OMC Multi-Window Support, Exhibit 5 is a discussion in the declaration of GraphOn's expert witness of a series of emails between Juniper's attorney and Juniper during the prosecution of the patent which contains confidential business information, and Exhibit 7 is the transcript of the deposition of Juniper's designee pursuant to Fed. R. Civ. P. 30(b)(6). The Exhibits have been appropriately marked under the terms of the Confidentiality Stipulation and

Protective Order. Moreover, the GraphOn Memorandum, which cites confidential information from the Exhibits, and the Exhibits have been properly filed under seal, pursuant to Local Rule 5, pending the resolution of this motion.

The Exhibits contains highly sensitive information relating to Juniper, and Juniper has asserted that the disclosure of these Exhibits to the public would be likely to cause it severe harm. Given the confidential nature of the information contained in the Exhibits, there is no alternative other than filing under seal that will protect such information from disclosure to the public. GraphOn therefore seeks the sealing of the GraphOn Memorandum and the Exhibits to the GraphOn Memorandum, during the duration of this litigation.[1] GraphOn is filing contemporaneously a public version of the GraphOn Memorandum which redacts all references to the content of Exhibits 3, 5 and 7.

## CONCLUSION

For the foregoing reasons, GraphOn requests that the Court grant this Motion and enter the attached sketch Order providing for the sealing of the GraphOn Memorandum and Exhibits 3, 5 and 7 thereto, which have been filed with the Court on October 9, 2009.

---

[1] GraphOn anticipates that these Exhibits could be returned to GraphOn after the conclusion of this litigation. The Confidentiality Stipulation and Protective Order contains a procedure to preserve the confidentiality of information filed under seal after the termination of this action. Under that Protective Order, within sixty (60) days of the conclusion of this case, all designated materials are to be returned to the party that produced them or destroyed to the extent permitted by the Local Rules.

Dated: October 9, 2009                    GRAPHON CORPORATION, INC. and
                                          VERTICAL MARKETING, INC.


                                          By___/s/_____
                                                Of Counsel

Dabney J. Carr, IV, VSB #28679
dabney.carr@troutmansanders.com
Robert A. Angle, VSB #37691
robert.angle@troutmansanders.com
Megan C. Rahman, VSB 342678
megan.rahman@troutmansanders.com
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, VA 23218-11122
Tel: (804) 697-1200
Fax: (804) 697-1339

Joseph M. Vanek
Jeffrey R. Moran
VANEK, VICKERS & MASINI, PC
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
Tel: (312) 224-1500
Fax: (312) 224-1510
Email: jvanek@vaneklaw.com
Email:jmoran@vankelaw.com

Michael D. Rounds
Melissa P. Barnard
Eliza Bechtold
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 324-4100
Fax: (775) 333-8171
Email: mrounds@watsonrounds.com
Email: mbarnard@watsonrounds.com
Email: ebechtold@watsonrounds.com

*Attorneys for Plaintiffs*
*GRAPHON CORPORATION, INC. and*
*VERTICAL MARKETING, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2009, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

> Alan M. Fisch, Esquire
> afisch@kayescholer.com
> Jason F. Hoffman, Esquire
> jahoffman@kayescholer.com
> Coke Morgan Stewart, Esquire
> cstewart@kayescholer.com
> Roy William Sigler, Esquire
> bsigler@kayescholer.com
> Kevin W. Jakel, Esquire
> kjakel@kayescholer.com
> KAYE SCHOLER LLP
> 901 15th Street, NW
> Washington, DC 20005
> 202-682-3500
> *Counsel for Juniper Networks, Inc.*

> _____/s/_____
> Megan C. Rahman, VSB #42678
> megan.rahman@troutmansanders.com
> TROUTMAN SANDERS LLP
> P.O. Box 1122
> Richmond, Virginia 23218-1122
> Telephone: 804-697-1200
> Facsimile: 804-697-1339
> *Counsel for GraphOn Corporation and*
> *Vertical Marketing, Inc.*

#1873491